**Chauncey Lee JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1252.**

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1976.

Decided Aug. 5, 1976.

Chauncey Lee Jones, pro se.

Allen L. Donielson, U. S. Atty. and George H. Perry, First Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, ROSS, and WEBSTER, Circuit Judges.

PER CURIAM.

Chauncey Lee Jones appeals from the dismissal of his petition under 28 U.S.C. § 2255 for failure to state a claim upon which relief could be granted. He alleges that his sentence was imposed in violation of the due process and double jeopardy clauses of the Fifth Amendment.

Jones was convicted of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced on the morning of March 26, 1973, to a term of twelve years in prison. That same day, the District Court[1] called Jones and his counsel back, stated that it had failed to impose the mandatory special parole term required by 21 U.S.C. § 841(b)(1)(A), and imposed, in addition to the twelve-year prison term, the minimum special parole term of three years.

Jones claims that the imposition of the mandatory parole term in addition to the twelve years in prison constitutes double jeopardy and that the District Court, in increasing the sentence, was required to establish on the record that it was not acting out of vindictive motives. Jones further claims that he should have been permitted to speak on his own behalf prior to the imposition of the mandatory parole term.

1. The Honorable William C. Stuart, United States District Court for the Southern District of Iowa.

**1348**

We affirm the dismissal. Jones was not subjected to double jeopardy by imposition of the mandatory parole term in addition to the twelve-year prison term. The initial sentence of imprisonment only was an illegal sentence which the District Court had the duty to correct; and the District Court acted entirely within its jurisdiction in adding the minimum mandatory parole term to the twelve-year prison term. *United States v. Kenyon,* 519 F.2d 1229, 1232–33 (9th Cir.), *cert. denied,* 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975); *United States v. Richardson,* 498 F.2d 9 (8th Cir.), *cert. denied,* 419 U.S. 1020, 95 S.Ct. 494, 42 L.Ed.2d 294 (1974); *Thompson v. United States,* 495 F.2d 1304, 1305–06 (1st Cir. 1974); *Garcia v. United States,* 492 F.2d 395, 397–98 (10th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974); *Caille v. United States,* 487 F.2d 614, 615–16 (5th Cir. 1973); *United States v. Thomas,* 356 F.Supp. 173, 174 (E.D.N.Y.1972), *aff'd,* 474 F.2d 1336 (2d Cir. 1973). *See Bozza v. United States,* 330 U.S. 160, 165–67, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Orrie v. United States,* 302 F.2d 695, 697–98 (8th Cir.), *cert. denied,* 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed.2d 101 (1962).

Neither was Jones denied due process of law because the District Court failed to establish on the record that it was not acting out of vindictive motives in imposing the parole term. Since the parole term and the prison term were imposed on the same day, and since only the minimum parole term was imposed, the due process restrictions applicable to resentencing proceedings as set forth in *North Carolina v. Pearce,* 395 U.S. 711, 723–26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), are inapplicable. *Cf. United States v. Kenyon, supra,* 519 F.2d at 1233.

Finally, Jones contends that he should have been allowed to speak on his own behalf at the second sentencing proceeding as required by Fed.R.Crim.P. 32(a). He had already been permitted to speak, however, at the earlier proceeding held that same day. Jones is alleging at most no more than a failure by the District Court to observe the formal requirements of Rule 32(a). Such a claim is not cognizable in a Section 2255 proceeding. *See Hill v. United States,* 368 U.S. 424, 428–29, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Malcolm,* 432 F.2d 809, 818 (2d Cir. 1970).

Judgment affirmed.