**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jorge ALVARADO–SANDOVAL,
Defendant-Appellant.**

**No. 76–3267.**

United States Court of Appeals,
Ninth Circuit.

March 29, 1977.

Rehearing Denied May 31, 1977.

Michael L. Lipman, Asst. U. S. Atty., San Diego, Cal., on the brief, Terry J. Knoepp,

U. S. Atty., Michael L. Lipman, Asst. U. S. Atty., San Diego, Cal., argued for plaintiff-appellee.

OPINION

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM.

Appellant was arraigned before a United States Magistrate on June 11, 1976 and informed that a complaint had been filed charging him with a misdemeanor violation of 8 U.S.C. § 1325. Defense counsel was not prepared at that time to enter a plea because he wished to investigate the possibility of raising a question about the legality of the search. The magistrate stated from the bench that he understood defendant's position concerning the possibility of motions and set the case for further proceedings. Thereafter, the United States Attorney advised the court and defense counsel that the Government would be considering the case for a possible felony indictment. On June 17, 1976 a two-count indictment was filed in the United States District Court charging appellant with felony violations of 8 U.S.C. §§ 1325 and 1326. On August 5, 1976 appellant moved the court to dismiss the indictment as the product of a violation of the principles established in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); and *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976). The district court denied the motion. Appellant was subsequently tried and convicted of the felony charges.

Appearance of vindictiveness, not vindictiveness in fact, is the touchstone of *Blackledge, Pearce* and *Ruesga-Martinez*. The Government attempts to distinguish *Ruesga-Martinez*, which is otherwise identical, on the ground that the appellant in this case did not affirmatively assert a right which then precipitated a "raising of the ante" by the Government. The failure to interpose a formal motion before the magistrate, does not effectively distinguish this case from *Ruesga-Martinez*. Appellant's

counsel made plain his intention to proceed under the misdemeanor charge. Here, as in *Ruesga-Martinez,* the appearance of vindictiveness existed. It was only after the appellant, through his counsel, indicated that no plea would be entered and only after the understanding of possible motions was referred to by the magistrate, that the assistant United States Attorney indicated that a felony indictment would be considered. All of the information about appellant's prior record was known to the United States Attorney's office before these events occurred. It is immaterial that, due to a failure of communication within the office, the assistant United States Attorney who initially appeared was not personally aware of that record.

REVERSED.