**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard TUCKER, Defendant-Appellant.**

**No. 77-1789.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 16, 1978.
Decided July 12, 1978.

Charles O. Brizius, Chicago, Ill., for defendant-appellant.

Joseph N. Hosteny, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SPRECHER and WOOD, Circuit Judges, and REYNOLDS, District Judge.*

REYNOLDS, District Judge.

Presented for review in this appeal is the question of the propriety of the lower court's action, following a retrial, of imposing upon the defendant-appellant a sentence that is more severe than the sentence imposed after the initial trial where the defendant-appellant had successfully appealed his first conviction. For the reasons stated below, we find that the second sentence was improperly imposed and remand this action to the lower court with instructions to impose a sentence that is no greater than that imposed following the defendant's first trial.

The defendant was convicted of a narcotics offense at his first trial and received a sentence of probation for a period of five years.[1] This Court overturned the conviction for reasons not relevant to this proceeding and remanded the action for a new trial.[2] Again, the defendant was convicted,

---

* The Honorable John W. Reynolds, Chief U. S. District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. The defendant was convicted of willful and knowing distribution of a substance containing heroin, in violation of 21 U.S.C. § 841(a)(1).

2. See *United States v. Tucker*, 552 F.2d 202 (7th Cir. 1977). This court concluded that the original trial court committed prejudicial error by refusing to compel the Government to

choose between dismissing the indictment against the defendant and disclosing the identity of a confidential informant who had given information against the defendant. See *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). On this appeal the defendant has presented a related claim. In his reply brief, the defendant has argued that because the information from the confidential informant was available to the government at the time of the first trial, although not presented at the original trial, the Government should not now

only this time at his new sentencing there was added to the five-year period of probation a special condition of probation that the defendant spend ninety days at a correctional institution on a work release program, and a special three-year mandatory parole was imposed to follow the probation period. The first and second sentences were imposed by different judges.

In imposing sentence, the second sentencing judge made certain statements that are relevant to this proceeding:

"THE COURT: Well, as you know, anything that is relevant, particularly if it occurred after this sentence which was imposed upon the defendant, can be taken into consideration. I don't consider myself bound by the previous sentence, although there are certain guidelines that I have to follow, and as [the prosecutor] points out, I don't think the case was quite as close on the facts as it was when it was first tried.

"Also, the first time it was tried, it was tried at the bench, as I recall, and the second time with a jury, which perhaps gives another dimension to the credibility of the witnesses and the results of the case. As a matter of fact, I think the Court of Appeals had a little difficulty with the weight of the evidence, as I recall, although that wasn't what they sent it back for. That is often a subconscious reason for giving someone probation when perhaps otherwise they would have been given some time.

\*      \*      \*      \*      \*      \*

"Well, I believe I have done it [given the factual data in support of imposition

be allowed to rely upon such information in support of the harsher sentence ultimately imposed upon the defendant. However, because we decide this case upon other grounds, this contention by the defendant will not be separately addressed. See also note 10, *infra*.

**3.** *North Carolina v. Pearce* has been extended and limited by subsequent decisions. See *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (holding that absent exceptional circumstances, the state may not bring a more serious charge against a defendant who exercises his right to a trial *de novo* in states having a two-tier trial court system);

of an increased sentence] to the extent that I can. I don't have very much to add. His work record showed a 5-month unemployed period in there after he was put on probation by Judge Will. The other matters which I mentioned are intended to be the findings of fact that are required by the Supreme Court decision." (Transcript of sentencing proceedings at 7, 10–11.)

It was also brought out at the second sentencing that the defendant was in the process of being divorced from his wife.

The defendant now attacks his second sentence in that it was imposed in violation of the rule enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which held that a successfully appealing defendant may be given a higher sentence after a second trial only if reasons "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" are "made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.*, at 726, 89 S.Ct. at 2081. *Pearce* held that it would be a violation of the due process clause of the Constitution if the second and more severe sentence was imposed out of vindictiveness or retaliatory motivation on the part of the sentencing judge against a successfully appealing defendant. In order to prevent such a constitutional violation and to make sure that parties will not be deterred from appealing, *Pearce* requires a statement of reasons on the record justifying the higher sentence.[3]

*Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1972) (holding that *Pearce* need not be given retroactive effect); *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (holding that the *Pearce* restraints are inapplicable to harsher sentences imposed by a jury in states entrusting the sentencing function to the jury); and *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1971) (holding that the resentencing restraints fashioned in *Pearce* do not apply to harsher sentences imposed after a trial *de novo* in states utilizing a two-tier system of trial courts).

The defendant argues that the reasons stated by the sentencing judge for imposing the higher second sentence, contained in the portion of the transcript quoted above, do not justify the more severe sentence.[4]

The Government, in response, argues that additional testimony brought out at the defendant's second trial showed the defendant to be more extensively involved in the offense charged than had been shown at the original trial.[5] Such testimony, the Government argues, satisfies the *Pearce* requirement that the reasons for a higher second sentence be set forth in the record.

■ We cannot agree with the Government's proposition that the higher sentence is justified by the additional testimony adduced at the second trial for two reasons: first, the second sentencing judge did not refer to it in imposing the higher sentence; and second, the additional testimony relied upon by the Government does not relate to conduct by the defendant occurring after the original sentencing proceeding.

*Pearce* did not explicitly require the second sentencing judge to state his reasons on the record for imposing a higher sentence, but it did explicitly require that the factual basis for the higher sentence "be made part of the record." 395 U.S. at 726, 89 S.Ct. at 2081. An examination of the rationale of the *Pearce* requirement of a recorded statement of the reasons for a higher sentence reveals that it was implicit in *Pearce* that the factual record must be

made by the sentencing judge. The rationale of *Pearce* was that a harsher sentence standing alone may give the appearance of having been imposed in retaliation for a defendant's having exercised a right to appeal. "[*Pearce*], as we have said, was premised on the apparent need to guard against *vindictiveness* in the sentencing process. * * * Subsequent ·cases have dispelled ˌany doubt that *Pearce* was premised on the hazard of vindictiveness. * * * " (Emphasis in original.) *Chaffin v. Stynchcombe*, 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973). The semblance of vindictiveness that arises from the imposition of a harsher sentence the second time around must be obviated so that the proceedings do not leave the impression of unfairness to the defendant being sentenced and so that other defendants are not deterred from exercising rights of appeal due to apprehension of vindictiveness. *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The method chosen by the Court to obviate the semblance of vindictiveness was to require that the basis (i. e., additional facts which occurred after the first sentence) for the imposition of the harsher sentence upon resentencing be articulated in the record. If, as the Government contends, the harsher sentence could be justified by the presence anywhere in the record of additional facts reflecting adversely upon the defendant, the semblance of vindictiveness with its concomitant chilling effect upon exercise of

---

**4.** The defendant does not allege that the second sentencing judge below actually acted out of vindictiveness against the defendant, and nothing in the record indicates such a motivation on the part of the trial judge. However, because *Pearce* created a "prophylactic rule to ensure 'that vindictiveness against a defendant for having successfully attacked his first conviction . . . [would] play no part in the sentence he receives after a new trial . . .' and to ensure that the apprehension of such vindictiveness does not 'deter a defendant's exercise of the right to appeal or collaterally attack his first conviction . . . .' 395 U.S., at 725 [89 S.Ct., at 2080]" *Colten v. Kentucky, supra*, at 116 [92 S.Ct. at 1960] the defendant need not specifically allege vindictiveness in asserting that the second sentence was wrongfully imposed. It is the imposition of a harsher sentence giving the appearance of vindictive-

ness, not vindictiveness in fact, that is the basis of *Pearce. United States v. Alvarado-Sandoval*, 557 F.2d 645 (9th Cir. 1977).

**5.** The Government has presented at some length the testimony from the second trial which the Government believes establishes the defendant to be an "entrepreneur and instigator" of the offense charged. (Government's brief at page 8.) We do not intend to review and comment at length upon this testimony adduced by the Government. However, we do pause to note that as an attempt to show the defendant to be more deserving of a harsher sentence, such testimony is, to borrow Judge Friendly's phrase, "of questionable significance on any view." See *United States v. Coke*, 404 F.2d 836, 846 (2d Cir. 1968).

the right to appeal would remain because there would be no assurance that the second sentencing judge had heard and considered the additional information. Apprehension of retaliatory motivation would remain great. To eliminate that apprehension, it is necessary that the second sentencing judge articulate the reasons for his conclusion that a harsher sentence is necessary.[6]

If any doubt remained that the sentencing judge must himself articulate the basis for the harsher sentence, such doubt was dispelled by the Court's interpretation of *Pearce* in *Blackledge v. Perry*, 417 U.S. 21, 25–26, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974): " * * * Because 'vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial,' [*North Carolina v. Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080], we held that an increased sentence could not be imposed upon retrial *unless the sentencing judge placed certain specified findings on the record.*" (Emphasis added.)[7] The conclusion follows that the Government's reliance upon the additional testimony at the second trial, not referred to by the sentencing judge, is misplaced.[8]

**6.** The defendant has referred this court to no post-*Pearce* decisions indicating that the mere latent presence in the record of factors not referred to by the sentencing judge but showing a defendant to be deserving of a harsher sentence may satisfy the *Pearce* prophylactic rule requiring a statement of the reasons for the imposition of a harsher sentence, and our research has revealed no such decisions. The courts appear unanimously to require that the sentencing judge articulate the reasons for the imposition of a harsher sentence. See, e. g., *Jackson v. Justices of Superior Court of Massachusetts*, 549 F.2d 215 (1st Cir. 1977); *United States v. McDuffie*, 542 F.2d 236 (5th Cir. 1976); *Jones v. United States*, 538 F.2d 1346 (8th Cir. 1976); *Washington v. Regan*, 510 F.2d 1126 (3d Cir. 1975); *United States v. Jamison*, 164 U.S.App.D.C. 300, 505 F.2d 407 (1974); *Midgett v. McClelland*, 422 F.Supp. 82 (D.C. Md.1975); *Pinkard v. Neil*, 311 F.Supp. 711 (M.D.Tenn.1970); and *Torrance v. Henry*, 304 F.Supp. 725 (E.D.N.C.1969).

**7.** See also *North Carolina v. Pearce*, 395 U.S. 711, 741, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968) (Black, Jr., dissenting); *Chaffin v. Stynch-*

The second basis of our disagreement with the Government's position on this appeal is that none of the additional testimony of the defendant relied upon by the Government as justifying the harsher sentence relates to "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce, supra*, at 726, 89 S.Ct. at 2081. The additional testimony merely describes in further detail the crime in which the defendant participated and the extent of this involvement. Such additional testimony does not meet the *Pearce* standards for the reason that only "intervening detrimental deportment" on the part of the defendant may justify a harsher sentence. *Wood v. Ross*, 434 F.2d 297, 299 (4th Cir. 1970).[9] We agree with the dictum from *United States v. Cunningham*, 529 F.2d 884, 888 (6th Cir. 1976) that " * * * *Pearce* does not allow increased sentences on retrial based on amplified knowledge about a defendant's criminal activity which occurred before the first trial. See *Barnes v. United States*, 136 U.S.App.D.C. 171, 419 F.2d 753 (1969); *Pinkard v. Neil*, 311 F.Supp. 711 (M.D.Tenn.1970)." Accordingly, we find that the information brought out at the second trial concerning the de-

*combe*, 412 U.S. 17, 38, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1972) (Marshall, J., dissenting).

**8.** In the natural course of events upon the retrial of a case, one might normally expect the Government to have available additional testimony and evidence of a defendant's guilt if for no other reason than that the Government has had additional time to prepare and refine its presentation. Allowing the Government's presentation of such additional testimony and evidence of a defendant's involvement in the offense charged to serve as the basis of a harsher sentence upon the second sentencing may give rise to apprehension of prosecutorial vindictiveness against a defendant for having put the Government to the trouble of a second trial. Apprehension of prosecutorial vindictiveness, like judicial vindictiveness, may have the effect of unlawfully deterring exercises of the right to appeal. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

**9.** See also *United States v. Lopez*, 428 F.2d 1135, 1139 (2d Cir. 1970); *United States v. Saletko*, 452 F.2d 193, 199 (7th Cir. 1971).

fendant's involvement in the offense charged is not such identifiable conduct occurring subsequent to the original sentencing as justifies the imposition of a harsher sentence.[10]

Having determined that the defendant's harsher sentence cannot be justified by the Government's reference at this point to the testimony adduced at the second trial, we now examine the reasons actually articulated by the second sentencing judge in attempted compliance with *Pearce*. The reasons articulated by the judge were that (1) the second trial was somewhat less close on the facts than the first trial; (2) the second conviction was had before a jury, whereas the first trial had been before the court, which the sentencing judge believed added to the credibility of the witnesses and the result of the trial; (3) this Court had had a "little difficulty" with the weight of the evidence in considering the defendant's earlier appeal; (4) the defendant had been unemployed for five months after the initial sentencing proceeding; and (5) the defendant was in the process of being divorced at the time of the second sentencing.

■ The first three of these reasons constitute no more than a subjective assessment by the sentencing judge to the effect that the second trial showed the defendant to be more probably guilty than did the first trial. Such reasons cannot be said to be based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969). It could be argued that this statement of the judge's reasons was merely his shorthand fashion of referring to and incorporating the extra testimony concerning the defendant's involvement in the offense charged, upon which testimony the Government has primarily relied on this appeal, but the statement of reasons would still remain objectionable. As indicated above, none of the additional testimony relates to conduct by the defendant occurring *subsequent* to the original sentencing proceeding. Moreover, we believe that in applying the *Pearce* doctrine the second sentencing judge should attempt to state with particularity the factors upon which he bases a harsher sentence, rather than leaving in doubt what he was in fact relying upon.

■ As to the fourth and fifth reasons assigned by the sentencing judge—the defendant's period of unemployment and his pending divorce—such considerations do not indicate reprehensible conduct on the part of the defendant that calls for imposition of a harsher sentence in light of *Pearce*. We conclude, therefore, that the reasons articulated by the second sentencing judge do not adequately support the harsher sentence imposed upon the defendant.

For these reasons we vacate the sentence imposed upon the defendant of five years' probation plus ninety days' confinement in a correctional institution and a three-year

---

10. The Government has referred us to only one decision in which a sentence increase after a retrial following a successful appeal was upheld because based on information concerning the defendant's conduct prior to the initial sentencing, *United States v. Coke*, 404 F.2d 836 (2d Cir. 1968). We believe that this case is distinguishable and does not support the Government's position here in that *Coke* was decided before the Supreme Court in *Pearce* set forth the requirement that a harsher sentence be based upon identifiable conduct occurring subsequent to the original sentencing. *United States v. Kienlen*, 415 F.2d 557 (10th Cir. 1969), also cited by the Government, allowed the defendant in that case to receive a harsher sentence, after re-conviction and following his withdrawal of a guilty plea, on the basis of information concerning the defendant's conduct prior to the initial sentencing. The *Kienlen* court believed that the sentencing judge's reliance upon such information satisfied the *Pearce* standard. However, since *Pearce* has never been extended by the Supreme Court to cover the situation in *Kienlen* of a harsher sentence being imposed after a withdrawal of a guilty plea, cf. *United States v. Anderson*, 514 F.2d 583 (7th Cir. 1975), it may be appropriate to read *Kienlen* as declining strictly to follow the *Pearce* requirements that a harsher sentence be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the initial sentencing. In any event, we decline to follow the *Kienlen* interpretation of *Pearce*.

mandatory parole period and remand to the lower court for imposition of a sentence no harsher than the sentence originally imposed upon the defendant.[11]

HARLINGTON WOOD, Jr., Circuit Judge, concurring.

*North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), does not preclude all increased sentences on retrial, but requires that the justification must be found in "identifiable conduct on the part of the defendant occurring after the time of the original sentence," and, secondly, that the factual data "upon which the increased sentence is based must be made part of the record."

The majority opinion, relying on *Blackledge v. Perry*, 417 U.S. 21, 25–26, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), appears to strictly require that the trial judge enumerate the necessary findings in the record. I grant that to be the better practice. However, I would find the *Pearce* requirement satisfied even if the trial judge did not fully specify the factual data item by item, provided that from the whole record of the sentencing hearing, the reasons for the imposition of a greater sentence by the trial judge did "affirmatively appear" in the record. 395 U.S. at 726, 89 S.Ct. 2072. If, for example, it could be clearly seen in the record that the trial judge had adopted by reference and incorporated into his sentence the factual recitations made by the prosecutor during the hearing, I would find the requirement adequately satisfied. In the present case, I believe that was the way it was. To the participants with knowledge of both trials, the basis for the judge's increased sentence was understood.

As to the other requirement, if I were free to do so, I would apply the less restrictive view of Mr. Justice White, concurring in part in *Pearce*. He would "authorize an increased sentence on retrial based on any objective, identifiable, factual data not known to the trial judge at the time of the original sentence proceeding." 395 U.S. at 751, 89 S.Ct. at 2089. At the first trial Tucker admitted he was present when the drug transactions occurred, but alibied that he was not actually involved. Tucker's two co-defendants, who were also found guilty, received greater sentences than did Tucker. Tucker appealed, arguing that if the government had been required to call an unidentified informant who was present on that day, his theory of the case could be proved. On appeal, this court agreed with Tucker and granted him a new trial. The justification for the increase in Tucker's sentence following retrial was clearly apparent. At the second trial, the additional witness informant and other evidence demonstrated that Tucker had not been just peripherally involved, but that he had been the instigator of the drug transaction. Tucker's sentence, therefore, was increased by the trial judge and made equal to those previously imposed on his co-defendants under the earlier erroneous view of culpability. The new evidence indicated that Tucker deserved, perhaps, an even greater sentence than had been imposed on his co-defendants, certainly not a lesser one. There not being the slightest suggestion of vindictiveness in the record, at which the *Pearce* rule is aimed, I would, if I could, affirm the trial judge's imposition of what appears to me to be a fair, and well deserved increased sentence.

---

11. In cases, such as this, applying the *Pearce* doctrine, this Court has followed the practice of remanding to the lower court for imposition of a sentence not in excess of the original sentence. *United States v. Saletko*, 452 F.2d 193, 199 (7th Cir. 1971). We believe this to be the appropriate procedure, particularly where the Government has not brought the attention of the Court to any reprehensible conduct by the defendant occurring after the time of the original sentencing.