**Steve ROBINSON, Petitioner-Appellee,**

**v.**

**Charles SCULLY, Superintendent of Green Haven Correctional Facility, Respondent-Appellant.**

**No. 1055, Docket 82–2008.**

United States Court of Appeals, Second Circuit.

Argued April 27, 1982.

Decided Aug. 12, 1982.

---

22

Tyrone Mark Powell, Asst. Atty. Gen. of N. Y., New York City (Robert Abrams, Atty. Gen. of N. Y., Gerald J. Ryan, Asst. Atty. Gen., New York City, of counsel), for respondent-appellant.

David Steinberg, Poughkeepsie, N. Y., for petitioner-appellee.

* Hon. José A. Cabranes of the U. S. District Court for the District of Connecticut, sitting by designation.

Before MANSFIELD and KEARSE, Circuit Judges, and CABRANES, District Judge.*

MANSFIELD, Circuit Judge:

Charles Scully, Superintendent of Green Haven Correctional Facility, appeals from an order and judgment of the Southern District of New York, Robert L. Carter, *Judge*, granting the petition of Steve Robinson, a state prisoner convicted on his guilty plea of Grand Larceny in the Third Degree, a Class E felony, N.Y. Penal Law § 155.30, for a writ of habeas corpus. The court directed the writ to issue in 60 days unless the sentence imposed on him upon resentencing was modified to remove a provision that it run consecutively to (rather than concurrently with) another sentence imposed upon him for a different crime after the original state sentence involved in the present case had been vacated by a state appellate court. The district court considered itself bound by the Supreme Court's decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and our decision in *United States v. Markus*, 603 F.2d 409 (2d Cir. 1979), to grant the writ. 529 F.Supp. 250. We reverse.

The facts are undisputed. On October 25, 1972, Robinson was sentenced by Justice James J. Leff of the Supreme Court of the State of New York to an indeterminate four-year term of imprisonment upon his plea of guilty, which had been entered on June 12, 1972, to Grand Larceny in the Third Degree, a Class E felony, N.Y. Penal Law § 155.30, arising out of his vicious attack upon a woman whose purse he took by force. Pending sentence, which was set for August 8, 1972, he was paroled to a drug rehabilitation center but disappeared and did not show up on the date set for sentencing. Thereafter, on September 29, 1972, he was arrested for the September 20, 1972 robbery and murder of Prof. Wolfgang Friedmann, for which he was indicted. Before being sentenced on October 25, 1972,

on the earlier grand larceny charge he sought unsuccessfully to withdraw his guilty plea. The record does not indicate whether at the time of sentence Justice Leff was aware of Robinson's participation in the robbery and murder of Friedmann. However, the four-year indeterminate sentence was the maximum that could be imposed on the Class E grand larceny conviction. N.Y. Penal Law, § 70.00(2)(e).

Upon Robinson's appeal from the denial of his motion to withdraw his plea of guilty to the grand larceny charge the Appellate Division on May 21, 1974, vacated the sentence and remanded the case for a hearing to determine whether he should have been permitted to withdraw his guilty plea. After a hearing on remand Justice Alvin Klein on April 22, 1975, denied Robinson's motion to withdraw his plea, concluding in detailed findings that the plea had been voluntarily entered, that Robinson had failed completely to support his claims for withdrawal, and that he should present himself before Justice Leff for resentencing.

In the meantime, on August 9, 1974, Robinson pleaded guilty to Robbery in the First Degree, a Class B felony, N.Y. Penal Law, § 160.15, in satisfaction of the indictment against him for the murder and robbery of Prof. Friedmann and on September 14, 1974, he was sentenced by Justice Postel to a prison term of from 8⅓ to 25 years for that offense.

On April 29, 1975, Robinson appeared before Justice Leff for sentencing on the grand larceny charge and was sentenced to the same maximum term originally imposed in October, 1972, with the term to run consecutively to the sentence imposed upon him in the interim for the conviction on his plea of guilty to the robbery charge in connection with the Friedmann homicide. In denying Robinson's request that the sentence be made to run concurrently, Justice Leff pointed out that after his original guilty plea to the grand larceny charge. Robinson had violated his agreement to stay on the drug program and that he had expressed no remorse even though he was involved in the Friedmann tragedy. Upon appeal Robinson claimed, among other assertions, that the sentence was excessive. The Appellate Division affirmed the conviction. *People v. Robinson*, 61 A.D.2d 1147, 399 N.Y.S.2d 959 (1st Dept. 1977). The denial of Robinson's later motion to set aside his sentence pursuant to N.Y.Crim.P. Law, § 440.20 was likewise affirmed by the Appellate Division on January 8, 1981.

Having exhausted his state court remedies [1] Robinson on March 18, 1981, filed the present petition for a writ of habeas corpus in the Southern District of New York, alleging that the state court's resentence of him to a consecutive term amounted to an increase in punishment in violation of *North Carolina v. Pearce, supra*, since it would have the effect of substantially extending his minimum mandatory confinement prior to parole and increasing his maximum time of imprisonment. See N.Y. Penal Law, §§ 70.25(1)(a), 70.30(1)(a), (b). From the district court's order granting the petition the state appeals.

## DISCUSSION

Our starting point is *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), where the Supreme Court held that the imposition upon a defendant of an increased sentence upon a retrial and conviction after his successful appeal of his first conviction amounted to a denial of due process of law. The Court reasoned that an increased term upon resentence would deter a defendant's exercise of his right of appeal for fear that, if successful, he would be penalized upon retrial by a vindictive trial court. However, the Court made it clear that the trial court was not precluded entirely from increasing the term of the sentence, stating that it might do so on the basis of

"objective information concerning identifiable conduct on the part of the defend-

---

1. We affirm the district court rejection of respondent's contention that Robinson is barred by the procedural forfeiture doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), as applied by us in *Forman v. Smith*, 633 F.2d 634 (2d Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981), from seeking federal collateral review of his due process claim.

ant occurring after the time of the original sentencing proceeding," *id.* at 726, 89 S.Ct. at 2081,

and that an increased sentence could be justified by

"events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Id.* at 723, 89 S.Ct. at 2079 (quoting *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)).

However, in such event

"the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 U.S. at 726, 89 S.Ct. at 2081.

In short, the new information justifying the increased sentence must be placed "on the record" by the resentencing judge in the form of "certain specified findings." *Blackledge v. Perry,* 417 U.S. 21, 26, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974).

■ In *United States v. Markus,* 603 F.2d 409, 414 (2d Cir. 1979), we construed *Pearce* to preclude increased punishment on resentence based on events pre-dating the original sentence which were known to the court at the time of the original sentencing and resulted in an intervening judgment of conviction prior to the resentencing. Accord, *United States v. Williams,* 651 F.2d 644, 648 (9th Cir. 1981); *United States v. Tucker,* 581 F.2d 602, 608 (7th Cir. 1978) (concurring opinion). Thus under *Pearce* new information exposing a defendant's greater culpability will not support a harsher resentence if it is based on activities predating the original sentence which were known to the court at the time of the original sentence.

In the present case the state argues that *Pearce* was satisfied by the disclosure after the first sentence of additional facts bearing on that sentence, including two former placements of him on probation for juvenile delinquency, one prior arrest for possession of drugs, a March 17, 1972, knife-point robbery, and an assault upon a fellow prison inmate which resulted in a conviction for Assault in the Third Degree. All but the last of these activities, however, pre-dated the original sentence of Robinson. Moreover, none of them were placed by Justice Leff on record as the reason for his imposing a consecutive term on resentencing. Thus they cannot satisfy *Pearce*'s basic requirements designed to insure against vindictiveness or the apprehension of vindictiveness upon resentence.

We are also unpersuaded by the state's argument that *Pearce* applies only to resentencing after a retrial following a successful appeal and not to resentencing upon a guilty plea after a defendant succeeds on appeal in having his first sentence set aside. The distinction between retrial and a hearing upon remand has no legal significance for present purposes since both present an equal opportunity for judicial vindictiveness upon resentencing. The state's reliance upon decisions holding that *Pearce* does not apply to the imposition of a sentence greater than a plea bargain offered and refused by a defendant is misplaced. See, e.g., *Frank v. Blackburn,* 646 F.2d 873 (5th Cir. 1980) (en banc) (post-trial sentence exceeded pre-trial offer), *pet. for rehearing granted,* 646 F.2d 902 (1981), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); *Ehl v. Estelle,* 656 F.2d 166, 171 (5th Cir. 1981) (new plea agreement bargained for after first plea withdrawn), *cert. denied,* 455 U.S. 953, 102 S.Ct. 1459, 71 L.Ed.2d 669 (1982). By its very nature a plea bargain is offered in anticipation that conviction after trial may lead to a harsher sentence. Moreover, the latter is not a resentence but the only sentence.

■ For a wholly different reason, however, we are satisfied that the principles of *Pearce* do not apply to the present case or that, if they do, its requirements are satisfied. *Pearce* is predicated on the assumption that the original sentencing judge might, if reversed, impose a harsher sentence than he did. This possibility of his doing so out of vindictiveness upon resentence after a reversal of the conviction presents an impermissible deterrent against the defendant's exercise of his right of appeal. No such possibility, however, could exist in the present case since Robinson had

not been convicted of the robbery charge when he was originally sentenced on the grand larceny charge. The possibility of a consecutive sentence arose only after he later pleaded guilty to the robbery charge. Moreover, since the latter plea occurred *after* he successfully prosecuted his appeal from the denial of his motion to set aside his plea of guilty to the grand larceny charge, he could not have been deterred from taking that appeal by the prospect of a consecutive sentence if he should (as he did) succeed. Upon resentencing, therefore, Justice Leff was faced with a wholly new situation of the defendant's own making, the necessity of deciding what should be the relationship between two independently imposed sentences. Since that problem was not present and could not have been anticipated by the court at the time of the original sentence, it cannot be said that the judge had originally made a decision not to impose consecutive sentences.[2] The situation here is analogous to that considered in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), where, in extending *Pearce* to prohibit reprosecution for a more serious charge after a successful appeal, the Court stated that such reprosecution would be permitted "if the State had shown that it was impossible to proceed on the more serious charge at the outset, as in *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 [1912]." 417 U.S. at 29 n.7, 94 S.Ct. at 2103 n.7. By analogy, imposition of the consecutive term on resentence here should be permitted.

Accordingly we hold that when there is no possibility prior to resentencing of determining whether separate sentences for different crimes should be concurrent or consecutive, *Pearce* does not prohibit the later imposition, upon resentence, of the same prison term to run consecutively to or concurrently with a new intervening conviction. In short, a defendant has no right to a sentence that was not possible prior to resentencing, i.e., one that would be contingently concurrent with whatever sentence might later be imposed upon him for a separate and unrelated crime. His only right under *Pearce* is not to be deterred by the prospect of a vindictive harsher sentence from exercising his right of appeal. That right was satisfied in the present case. Upon taking his appeal he faced no realistic likelihood of vindictiveness.

Our ruling is not inconsistent with our decision in *United States v. Markus*, 603 F.2d 409 (2d Cir. 1979), heavily relied upon by the district court and Robinson. In that case imposition of sentences based on the relationship between two or more convictions at a state prior to the resentence was not impossible. On the contrary, when the intervening conviction was entered in the Eastern District of Louisiana the Southern District of New York sentences had not yet been set aside. Moreover, the judge in the Eastern District of Louisiana expressly

---

**2.** On the contrary, there are persuasive reasons for believing that if Robinson, at the time when he originally pleaded guilty to the present grand larceny charge on October 25, 1972, had been convicted and sentenced upon his plea of guilty to the robbery charge arising out of the Friedmann homicide Justice Leff would have directed that the present sentence run consecutively to that sentence. Similarly, if Robinson's sentence on the present charge had been outstanding at the time when he was sentenced on the Friedmann charge Justice Postel would undoubtedly have directed that the sentence on that conviction run consecutively to the present sentence.

Robinson escaped these consequences only by the unusual timing of relevant events. Although he had committed the Friedmann robbery before initially being sentenced to the present charge he did not plead guilty to the Friedmann robbery charge until August 9, 1974, which was after the Appellate Division had on May 21, 1974, set aside the original sentence in the present case and remanded it for a hearing on his motion to withdraw his plea. As a result Robinson was not subject to any other sentence at the time when he was sentenced by Justice Postel on the Friedmann robbery charge.

Similarly Robinson, by absconding and failing to appear for sentence in the present case on the original scheduled date, August 8, 1972, made possible his later claim based on *North Carolina v. Pearce* since, if he had been sentenced on that date, his later robbery arising out of the Friedmann homicide, which occurred on September 20, 1972, would constitute a new fact justifying an increase in the length of his term upon resentence in the present case. Thus the effect of upholding his *Pearce* claim would be to permit him to benefit from his own abscondence.

chose to make the sentence imposed by him for unlawful transportation of forged securities run concurrently with the sentence imposed upon the defendant's convictions in the Southern District of New York, thereby precluding the judge in the latter district from lawfully imposing consecutive sentences upon resentence in the absence of objective intervening conduct on the defendant's part which warranted imposition of a sentence that would increase the length of his incarceration. Here, at the time the intervening sentence was imposed the original sentence had already been vacated.

The judgment and order of the district court are reversed.