**Gene H. HACK, Petitioner,**

v.

**G. Michael BROGLIN and Indiana Attorney General, Respondents.**

**No. S 83–81.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 25, 1983.

Gene H. Hack, pro se.

Robert Wente, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner was convicted in a state court jury trial of the crime of burglary, for which he received a determinate sentence of five years. That conviction was unanimously affirmed on direct appeal by the Court of Appeals of Indiana. *Hack v. State,* Ind.App., 437 N.E.2d 486 (1982). The complete state court record has been filed with, and carefully examined by, this court in accord with *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It appearing that petitioner has exhausted his available state court remedies, this matter is properly before the court for ruling. See *Anderson v.*

*Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

The underlying facts of this case are not in dispute. The petitioner was formally charged (by information) with the crime of burglary in the Vanderburgh Circuit Court on December 29, 1980. On April 6, 1981, petitioner entered a plea of guilty to the charge and, on the recommendation of the State, was sentenced to a term of imprisonment of 3½ years.

On May 15, 1981, petitioner withdrew his plea of guilty, arguing that it had been his understanding that his 3½ years sentence was to have been served on work-release and not in prison. Thus, because his sentence did not comport with what he believed he had bargained for, he went to trial on June 29, 1981. The jury returned a verdict of guilty on the same day. On July 6, 1981, petitioner was sentenced to a term of five years' imprisonment by the same judge who had earlier sentenced him to 3½ years on his guilty plea.

Contrary to respondents' assertion, petitioner has raised but a single issue in his application for federal habeas relief, *viz.,* whether the increased sentence imposed by the trial court constituted a violation of petitioner's Fifth and Fourteenth Amendment rights by penalizing petitioner for exercising his right to stand trial.[1]

 The general rule is that the imposition of an increased sentence upon retrial is not barred by double jeopardy or equal protection. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, an increased sentence which is the product of "judicial vindictiveness" resulting from a defendant's having sought retrial violates due process. *Id.* at 725–26, 89 S.Ct. at 2080–81. Thus, no increase will be permitted unless the record shows that objective and verifiable reasons have arisen justifying an increase. *Id.* See also *Odom v. United States,* 400 U.S. 23, 91 S.Ct. 112, 27 L.Ed.2d 122 (1970). A caveat to the above is that an increased sentence resulting from a second trial is constitutionally permissible where state court proceedings allow a trial *de novo* in lieu of an appeal of the initial conviction. *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).

Respondents cite a single case in support of their position that the enhanced sentence imposed was not the product of "judicial vindictiveness," *viz., Parton v. Wyrick,* 614 F.2d 154 (8th Cir.), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980). Aside from the fact that the *Parton* decision is easily distinguishable from the case presently before the court, this court disagrees with respondents' characterization of the allegations made by petitioner as being "bare assertions." Petitioner set forth most carefully in the page attached to the petition as paragraph 12A his argument that the *same* judge imposed a *higher* sentence after petitioner's jury trial conviction, without setting forth *any* aggravating factors in support of the second sentencing that were not already known and relied upon by the judge at the time of his acceptance of the earlier plea bargain.

Despite this court's careful examination of the complete state court record, it is not absolutely clear that the state trial judge did in fact know of the two "aggravating factors"[2] cited at page 147 of the record at the time of the imposition of the original sentence of 3½ years on April 6, 1981. Nonetheless, even if the state trial judge did not know of those factors on April 6, 1981, it is clear that he should have, i.e., he had the benefit of a full presentence report which should certainly have disclosed both such factors.

---

1. The brief of the Attorney General for this respondent has been less than helpful to this court in dealing with the central issue here. That brief contains an eight page discussion on issues not here raised by this petitioner.

2. At page 147 of the state court record, the trial judge noted as two aggravating factors petitioner's prior conviction on a Class D felony charge, as well as a pending criminal charge in a neighboring county.

The law of what constitutes aggravating factors for enhancing a sentence on a second conviction is clear:

> [U]nder *Pearce* new information exposing a defendant's greater culpability will not support a harsher sentence if it is based on activities predating the original sentence which were known to the court at the time of the original sentence.

*Robinson v. Scully,* 690 F.2d 21, 24 (2d Cir. 1982). See also, *United States v. Tucker,* 581 F.2d 602, 608 (7th Cir.1978) (concurring opinion); *United States v. Williams,* 651 F.2d 644, 648 (9th Cir.1981). But see *United States v. Hayes,* 676 F.2d 1359, 1365 (11th Cir.1982). This court declines to hold that the findings of "aggravating factors" by the state trial judge at the sentencing of July 6, 1981, met the requisite standard of *Blackledge v. Perry,* 417 U.S. 21, 26, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974) and *North Carolina v. Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081.

A careful review of the relevant case law, most notably the Supreme Court decisions in *Bullington v. Missouri,* 451 U.S. 430, 438, 101 S.Ct. 1852, 1857, 68 L.Ed.2d 270 (1981); *United States v. Di Francesco,* 449 U.S. 117, 133, 137–38, 101 S.Ct. 426, 435, 437–38, 66 L.Ed.2d 328 (1980); *Chaffin v. Stynchcombe,* 412 U.S. 17, 23–4, 93 S.Ct. 1977, 1981, 36 L.Ed.2d 714 (1973); and *Pearce, supra,* leads this court to the conclusion that the state court record discloses judicial vindictiveness in this matter. The enhancement of petitioner's sentence followed his assertion of his jury trial right, and was imposed by the same judge for a conviction on the same crime and apparently based on the same factors as those presented in the earlier plea bargain.

As noted above, the rule for this circuit was explicitly set forth in *United States v. Tucker,* 581 F.2d 602, 608 (7th Cir.1978): any enhancement of a sentence upon a second conviction for the same offense must be based on the defendant's conduct occur-

ring *after* the original sentencing proceeding.[3] Those facts are not here present.

Accordingly, the petition for writ of habeas corpus is hereby GRANTED, contingent on the State's willingness to reinstate the original sentence of 3½ years. SO ORDERED.

---

**3.** This position is not without its critics. See, *e.g., United States v. Hayes,* 676 F.2d 1359, 1365 (11th Cir.1982).