Jimmy FRANK, Petitioner–Appellant,

v.

Frank BLACKBURN, Warden, Louisiana
State Penitentiary,
Respondent–Appellee.

No. 78–3452.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1981.

Further Observations in Dissent Following
Order on Rehearing January 26, 1981.

J. Donice Alverson, New Orleans, La.
(Court–appointed), for petitioner–appellant.

Robert Brinkman, Asst. Dist. Atty., Opelousas, La., for respondent–appellee.

Before COLEMAN, Chief Judge, and
BROWN, AINSWORTH, GODGOLD,
CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE,
KRAVITCH, FRANK M. JOHNSON, Jr.,
GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, SAM D. JOHNSON and THOMAS
A. CLARK, Circuit Judges.*

PER CURIAM:

IT IS ORDERED that the petition for
rehearing filed in the above entitled and
numbered cause be and the same is hereby
granted in part. We delete the sentence
that appears on page 1323 of the slip opinion and reads as follows:

"Even if the trial provided no additional
evidence of character, the mere fact that

Jimmy Frank refused to acknowledge his
guilt and showed no willingness to assume responsibility for his conduct may
have led the judge to conclude that this
defendant lacked potential for rehabilitation thus justifying the imposition of a
greater sentence than that offered in exchange for a guilty plea."

In all other respects the petition is DENIED.

HILL, Circuit Judge, with whom KRAVITCH, FRANK M. JOHNSON, Jr., REAVLEY and THOMAS A. CLARK, join, in
further observations in dissent following order on rehearing:

A. And Whispering "I Will Ne'er
Consent"—Consented

In response to Motion for Rehearing, my
colleagues in the majority revised the opinion by striking one sentence from it. Presumably it was taken out because the majority of our Court concluded that it does
not state that law. I agree that the deleted
sentence was incorrect. Yet I submit that
if it is not the holding of this court, there is
no support left in the majority opinion for a
judgment affirming the district court.

Stripped of the omitted sentence, the majority opinion openly embraces *Pearce*. On
page 883 the majority purports to "set[ ]
forth some of the [trial judge's] reasons
for the [thirty-three year] sentence." An
exhaustive two page recitation follows.
It appears to be an effort to justify
the trial judge's "second sentence" by
"objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original
proceeding." *North Carolina v. Pearce*, 395
U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d
656 (1969). Quite simply the majority has
acknowledged that the rule of *Pearce*
should be applied. No other justification
for their holding exists.

Yet the majority continues to protest
that "the rule of *North Carolina v. Pearce*,
[is] completely inapplicable to post-plea bargaining sentencing proceedings."[1] At 885.

---

* Judges Albert Tate, Jr. and Jerre S. Williams
did not participate in the en banc consideration
of or decision in this case.

1. A little still she strove, and much repented,
And whispering, "I will ne'er consent"—consented.
Byron, *Don Juan*, canto I (1818).

Regrettably, I have come to the conclusion that the majority's opinion is based upon a misunderstanding of *Pearce* and its progeny. The majority states:

> The *Pearce* rule applies *only* to sentencing after retrial[2], and even in that situation, "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). We find nothing in the record of the present case to indicate a "realistic likelihood of vindictiveness" on the part of the trial judge.

At 885 (emphasis in original).

*Blackledge*, the very opinion on which the majority relies, is explicit in stating that a "realistic likelihood of vindictiveness" is *not* determined by a review of the record insofar as it might reveal the existence *vel non* of vindictiveness. Rather, it is determined by assessing the posture of the judge, jury or prosecutor in question. To make this point clear we need do no more than set out in full the paragraph in *Blackledge* from which the majority has quoted.

> The lesson that emerges from *Pearce, Colten* [*Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584] and *Chaffin* [*Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714] is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those

that pose a realistic likelihood of "vindictiveness." Unlike the circumstances presented by those cases, however, in the situation here the central figure is not the judge or the jury, but the prosecutor. *The question is whether the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the Pearce case.* We conclude that the answer must be in the affirmative.

417 U.S. at 27, 94 S.Ct. at 2102 (emphasis added).

Indeed, the Court in *Blackledge* reached its holding while concluding at the same time that the record was devoid of prosecutorial vindictiveness.[3] 417 U.S. at 28, 94 S.Ct. at 2102. In sum, the majority has blunted *Pearce* by misapplication. A finding of a "realistic likelihood of vindictiveness" has nothing to do with reviewing the record to find out whether or not vindictiveness actually existed.

It is not necessary to repeat the analysis of our original dissent. 646 F.2d 873, at 893 (Hill, J., dissenting). Suffice it to say that when a trial judge actively participates in the plea bargaining process by announcing an "appropriate" sentence for the defendant should he stand convicted upon a plea of guilty, the "opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case." 417 U.S. at 27, 94 S.Ct. at 2102.

---

**2.** We are baffled by the majority's statement that:

"The *Pearce* rule applies *only* to sentencing after retrial ...." At 885 (emphasis in original). In the very next clause the majority goes on to quote *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). That case involved the threat of prosecutorial misconduct; specifically, the felony reindictment of Perry after his initial misdemeanor indictment was dismissed. It clearly did not involve "sentencing after retrial." Yet the rule of *Pearce* was explicitly applied. *See* 417 U.S. at 27, 94 S.Ct. at 2102.

**3.** "There is, of course, no evidence that the prosecutor in this case acted in bad faith or maliciously in seeking a felony indictment against Perry." *Blackledge v. Perry,* 417 U.S. 21, 28, 94 S.Ct. at 2102 (1974) (emphasis added). We underscore "of course" to emphasize a point which is basic to the understanding of this case. As recognized in both *Blackledge* and *Pearce,* common sense and experience dictate that affirmative acts of vindictiveness will rarely—if ever—find their way into the record. Stated differently, it borders on folly to search a record for a "realistic likelihood of vindictiveness" except insofar as the record reveals the posture of the judge at the time the action under investigation was taken.

### B. A Comparison Reconsidered

I take this opportunity to acknowledge Judge Rubin's observations touching upon my having equated civil case settlements with settlements in criminal cases. I persist in my view that they are remarkably similar proceedings, when accomplished by negotiation between legitimate adversaries. I acknowledge one fundamental difference. The settlement of civil cases frequently—perhaps usually—involves a compromise of the issue of defendant's liability or innocence. Plea bargaining in criminal cases cannot stand—the guilty plea may not be taken—unless the judge be satisfied that the facts establish a proper basis for concluding that the defendant is guilty. Otherwise, agreements resolving uncertain consequences into certainty is the end result of negotiation in criminal and civil disputes.

ALVIN B. RUBIN, Circuit Judge, with whom RANDALL, Circuit Judge, joins, concurring in Circuit Judge JAMES C. HILL's further observations in dissent following order on rehearing:

I concur in Part A of Judge Hill's further observations. I continue to believe that there are greater differences between the compromise of civil actions and plea bargaining in criminal cases than the one important distinction noted in Part B of his observations, but I agree fully that he has pointed out a significant one.