Kenneth Meyer FORTNER, Petitioner,

v.

Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, State of Florida, Respondent.

No. 91–828–Civ–T–21(A).

United States District Court, M.D. Florida, Tampa Division.

June 22, 1992.

Wendy Buffington, Asst. Atty. Gen., State of Fla., Tampa, Fla., for respondent Harry K. Singletary, Jr.

William Fuente, Tampa, Fla., for petitioner Kenneth Meyer Fortner.

## ORDER

NIMMONS, District Judge.

This cause came on for consideration upon the filing by a state prisoner, Kenneth Meyer Fortner, of a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. This matter was considered by the Magistrate Judge, pursuant to the general order of assignment, who has filed his report recommending that the petition be denied.

 Upon consideration of the Report and Recommendation of the Magistrate Judge, the petitioner's objections thereto, as well as the Court's independent examination of the file, the Magistrate Judge's Report and Recommendation is adopted and confirmed and made a part hereof. Accordingly, it is

ORDERED AND ADJUDGED that the petition for writ of *habeas corpus* is hereby DENIED. Each party shall bear its own costs.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

CHARLES R. WILSON, United States Magistrate Judge.

Petitioner, KENNETH MEYER FORTNER, is a state prisoner who entered pleas of guilty to armed robbery and grand theft in Hernando County, Florida on March 11, 1987 in exchange for a three year sentence on both counts to run concurrently. After exhausting his remedies in the Florida state courts, Fortner filed a petition for a writ of *habeas corpus* in this Court contending that he was denied the effective assistance of counsel, that his pleas were not knowingly, voluntarily and intelligently entered and that his convictions violate the constitutional prohibition against double jeopardy. Having considered these claims after an evidentiary hearing on March 26, 1992, I recommend that the District Court deny the petition.

The post-conviction procedural history of this case is chronicled in some detail in the Pre–Evidentiary Hearing Stipulation (Doc. 42) and needs no further reiteration here. The Stipulation agrees that all of Fortner's claims are exhausted in the state court.

## FACTS

On November 18, 1986, Fortner was arrested in Pinellas County, Florida after a series of robberies that took place in at least three counties (Pinellas, Pasco and Hernando). Prior to disposition of the Pinellas charges, he was transported to Hernando County on February 6, 1987 where the public defender was appointed to represent him on the armed robbery and grand theft charges. Fortner met the Assistant Public Defender who was appointed to represent him, Jack Springstead, at the arraignment on March 11, 1987. Springstead told Fortner that the state offered a plea bargain of three years of imprisonment in

return for guilty pleas to the two offenses. According to Springstead, Fortner admitted to him that he committed the crimes, stated that he had already confessed, and wished to proceed to accept the state's plea offer. Fortner signed a Petition To Enter A Plea Of Guilty Or Nolo Contendere ("plea form") which purported to substitute for the plea colloquy normally conducted by the Court to determine whether the plea is knowingly, voluntarily and intelligently entered. The trial court made a cursory inquiry whether Fortner understood the terms and conditions of the petition and wished to waive his rights to maintain his not guilty plea and proceed with trial. Finding that he did, the Court then accepted Fortner's plea and sentenced him to three years for each offense, to run concurrently. Fortner was thereafter taken to Pinellas County where on March 27, 1987, he pled guilty to the charges pending there. Pursuant to a plea agreement, he was sentenced to concurrent terms of six years on a robbery count and five years on a concealed weapons charge. The Court also imposed concurrent minimum mandatory terms of three years on other robbery counts. The Court recommended that Fortner be placed in a drug treatment facility. The sentence form had a space for the Court to indicate that the sentences were to be concurrent with "[a]ny active sentence being served," but that space was not checked.

Fortner was then taken to Pasco County to answer the charges there. He entered a plea agreement under which he was sentenced to seven years in prison with a minimum mandatory term of three years. The Pasco County sentence was to run consecutively to the other sentences. Therefore, Fortner has consecutive sentences of three years (Hernando County), six years (Pinellas County), and seven years (Pasco County), with three consecutive 3–year minimum mandatory terms.[1]

Fortner now contends that he did not make an intelligent decision to plead guilty

---

1. *See Fortner v. Reddish,* Case No. 89–932–Civ–T–15B in the United States District Court for the Middle District of Florida. In that case, the District Court accepted a report and recommen-
dation denying a petition for writ of *habeas corpus* in a challenge to the constitutionality of the Pinellas County conviction.

in Hernando County because his decision was made without the benefit of pretrial investigation and discovery by his counsel which would have revealed that the victim stated, during an investigation of the case, that Fortner was not the person who robbed her after being shown his photograph, and she could not pick him out of a photo pack. Further, Fortner learned that his fingerprints were not found at the scene of the crime and that there were no other witnesses against him. He did, however, confess to having committed the robbery, along with various other robberies, when he pointed the locations out to arresting officers who escorted him to the scenes of the crimes.

At the arraignment, Fortner spoke with Springstead for a total of about fifteen minutes, which included the plea colloquy. Prior to the entry of his plea, Fortner was not familiar with the state sentencing guidelines, did not see a scoresheet nor was he aware of defenses available to him. Springstead conducted no investigation or discovery. Therefore, Fortner's pleas were entered without the benefit of knowledge of any exculpatory evidence, witness depositions or available defenses. He did discuss the possibility of concurrent sentences with the Pasco and Pinellas County charges, but did not discuss the matter sufficiently to request a plea agreement that would encompass concurrent sentences for all charges. Although Fortner was a cocaine addict and now contends that he was under the influence of alcohol and cocaine at the time of his arrest and confession, these matters were never discussed with Springstead. Fortner's confession was never challenged by a suppression motion.

At the evidentiary hearing, Joyce Meyers, Fortner's mother, testified that she visited Fortner in jail prior to the entry of his plea and that he was not thinking clearly or speaking coherently. She stated that he was in pain, with headaches, depressed and exhibited withdrawal symptoms. She stated that he had a very short attention span. Although he was 20 years old at the time of the offense, Meyers testified that Fortner "had the personality of a 9 year old," and could not maintain logical thought processes.

## DISCUSSION

### I. The Custody Requirement

■ To warrant *habeas* relief under 28 U.S.C. § 2254, a petitioner must be "in custody" pursuant to a judgment of a state court that violates a law, constitution or treaty of the United States. 28 U.S.C. § 2254(a).

Preliminary review of the file reflected that petitioner should already have served his sentences since a three year sentence entered on March 11, 1987 would have expired prior to the filing of the petition for writ of *habeas corpus*. However, the respondent conceded that if Fortner is afforded relief from the instant convictions and the three-year sentence is vacated, the consecutive sentence of six years imposed in Pinellas County will be calculated from the date it was imposed rather than from the date the sentences for the Hernando County case are completed or vacated. Therefore, if Fortner is successful in this *habeas* attack, his sentences in Pinellas will begin to run from March 23, 1987 instead of from the date of completion of the Hernando sentences, which is March 10, 1990.

The courts employ a liberal construction of the custody requirement of 28 U.S.C. § 2254. Although a *habeas corpus* petitioner may have fully served a sentence under attack, the court is not divested of jurisdiction where the petitioner is still incarcerated on separate charges and sentence on that charge affects the sentence under attack. *See Fox v. Kelso*, 911 F.2d 563 (11th Cir.1990) and *McCoy v. Wainwright*, 804 F.2d 1196 (11th Cir.1986).

### INEFFECTIVE ASSISTANCE OF COUNSEL

The petition originally filed alleged ineffective assistance of counsel based upon:

(1) counsel's failure to investigate the nature of the charge, the law or any potential defenses;

(2) counsel's negotiated entry of a guilty plea with the state before having ever met the petitioner;

(3) counsel's failure to advise petitioner of the nature and consequences of the guilty plea; and

(4) counsel's allowing petitioner to enter pleas to two crimes arising out of a single transaction in violation of the double jeopardy clauses.

Petitioner was allowed, without objection, to amend his petition to include additional allegations of ineffective assistance of counsel, including:

(5) failure to investigate, which would have resulted in the discovery of exculpatory evidence;

(6) failure to investigate petitioner's exposure in Pinellas and Pasco Counties which would have resulted in the discovery of the availability of concurrent sentences;

(7) failure to investigate sufficient to discover the availability of a challenge to petitioner's confessions; and

(8) deficient advice and counsel resulting in waiver of constitutional protections and rights.

The respondent contends that the issues raised in the amendment to the petition are procedurally barred since they were not presented to the state trial court for its consideration on the motion for post-conviction relief, and are now raised for the first time in the federal *habeas* petition. The Eleventh Circuit has held, however, that exhaustion is satisfied as long as the "substance" of the federal claim was presented to the state court. *Yordan v. Dugger,* 909 F.2d 474 (11th Cir.1990). A fair reading of Fortner's *pro se* motion for post-conviction relief in the state court along with the conclusions reached by the state court in denying the petition, shows that the substance of Fortner's claim of ineffective assistance of counsel was fairly presented to, and ruled upon, by the state court. *Id.* at 479.

▮ Claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Supreme Court states that to prevail on an ineffective assistance of counsel claim, a *habeas* petitioner must demonstrate; (1)

that "counsel's representation fell below an objective standard of reasonableness", 466 U.S. at 688, 104 S.Ct. at 2064, and (2) that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. When analyzing claims under this test, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *See Harich v. Dugger,* 844 F.2d 1464, 1469 (11th Cir.1988).

▮ Clearly, Fortner's counsel, Springstead, failed to investigate any aspect of Fortner's case. He failed to obtain police reports, conduct discovery or even attempt to satisfy even the most rudimentary task of a criminal defense attorney. The decision to enter a guilty plea was made without the benefit of the availability of exculpatory information which would have been of significant assistance to a defense. However, Springstead testified that it was Fortner's decision to forego investigation and discovery and admit his culpability in the matter. According to Springstead, Fortner chose to forego investigation and discovery and enter a guilty plea, admitting his culpability. According to Springstead:

"(1) he freely admitted that he did these acts that he was charged with; that there was never any questions that he was the party that perpetrated the acts and so, accordingly, the goal was simply to try to get the best possible disposition for him, which is what I think we did based on the charges.

. . . . .

I feel sure he indicated that he was, in fact, culpable in this matter, and he indicated that he wanted to take the plea.

. . . . .

I mean, he felt that it was in his best interest to get this case resolved at arraignment, and it was my feeling based on what he told me regarding his involvement that this was indeed the best possible plea agreement that he could hope for, and so that is how we proceeded at the arraignment." (Deposition of Jack

Springstead, received into evidence as Petitioner's Exhibit 2.)

Fortner's expert, Robert Frazier, a criminal defense attorney, testified at the evidentiary hearing that a defense attorney has an obligation to make reasonable investigation and discovery prior to counseling a defendant to enter a guilty or no contest plea. The expert concedes, however, that circumstances may arise where a defendant nonetheless chooses to plead guilty at an arraignment "and I'll do the best I can to work out the best deal." (Deposition of Robert Frazier, received into evidence on Petitioner's Exhibit 1, P. 20).

Although Springstead's counsel and representation of Fortner falls short of conscientious advocacy, it does not fall below an objective standard of reasonableness sufficient to meet the first prong of the *Strickland v. Washington* test. Fortner manifested an unequivocal intent to plead guilty to the charges at the arraignment in return for the best possible plea bargain to be obtained at the time. He was sentenced to the minimum mandatory of three years since he was charged with an offense involving a handgun. If he were convicted after a trial and sentenced to a period of incarceration in excess of three years, he would probably only serve the minimum mandatory anyway, according to Fortner's expert, Robert Frazier. All that Fortner could have hoped to have obtained from further negotiation would have been a reduction of the charge of armed robbery to robbery without a firearm, to avoid the minimum mandatory sentence. The Court in *Strickland v. Washington* stated: "Counsel has a duty to make a reasonable investigation **or to make a reasonable decision that makes particular investigations unnecessary.**" *Id.* 466 U.S. at 691, 104 S.Ct. at 2066. In this case, investigation was unnecessary given Fortner's insistence to plead guilty at the arraignment.

Fortner contends that he would have not pled guilty on March 11, 1987, and would have proceeded to trial, had counsel investigated the case, not negotiated a guilty plea before having met Fortner, and advised him of the consequences of his plea. Yet, Fortner is unable to establish that if he would have proceeded to trial, his sentence would have been different had he not pled guilty to the two charges. A three year minimum mandatory sentence is required upon conviction, regardless if pursuant to a guilty plea. The only possible area of prejudice would be the possibility of concurrent sentences on the Pinellas and Pasco County charges if Fortner were sentenced in Hernando after sentence was imposed in the other counties since the trial court in Hernando indicated a willingness to run his sentences concurrent with other charges. However, as the respondent correctly points out, there is no guarantee that the Hernando County Court would have run Fortner's Hernando sentences concurrently with Pinellas and Pasco County after learning of his conviction of four armed robberies in Pinellas and nine armed robberies in Pasco. Further, Fortner, himself, sought to have his Pinellas sentencing delayed so that he could confer with his family. Therefore, it was Fortner's actions, rather than his counsel's, that caused the failure to delay sentencing. Additionally, the convictions for the other thirteen armed robberies would have affected his guidelines scoresheet when he came up for sentencing in Hernando. The other crimes could have also been used as a reason for the departure from the guidelines if the proximity of these crimes to one another established Fortner's involvement in a continuing pattern of criminal activity. All of the armed robberies for which Fortner was sentenced carried a three year minimum mandatory sentence. The sentencing court in Hernando expressly advised Fortner that it had no control over whether the sentences in the other counties would be concurrent or consecutive to the Hernando sentences.

Therefore, Fortner is unable to meet the prejudice prong of the *Strickland v. Washington* test on his claim of ineffective assistance of counsel.

## INVOLUNTARY GUILTY PLEAS

Fortner next contends that his guilty pleas were involuntary because the trial court failed to:

(1) ascertain that the plea was being voluntarily entered;

(2) explain the nature of the offenses;

(3) inform him of the maximum penalties he faced;

(4) advise him of the rights he would be waiving as a result of the plea; and

(5) establish a factual basis for the plea.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court acknowledged that ignorance of the consequences of a guilty plea may require its rejection:

... a plea of guilty is more than an admission of conduct; it is a conviction. (footnote omitted). Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect coverup of unconstitutionality.

*Id.* 395 U.S. at 242–43, 89 S.Ct. at 1712.

A plea of guilty must be knowingly and voluntarily entered because it waives a number of the defendant's constitutional rights. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir.1986). Gaddy quotes *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976) to provide that "[a] plea may be involuntary because the accused does not understand the nature of the constitutional protections that he is waiving." *Gaddy* at 943. However, "[i]f a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir.1980) (*en banc*), modified on other grounds, 646 F.2d 902 (5th Cir.1981) (*per curiam*), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981). Further delineation of the requirement that must be made when a defendant claims that his guilty plea was not intelligently made is provided by the Eleventh Circuit:

"... in order for a guilty plea to be entered knowingly and intelligently, the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available."

*LoConte v. Dugger*, 847 F.2d 745, 751 (11th Cir.1988), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988). The only significant inquiry made by the Hernando County Court was whether Fortner reviewed and executed the plea form (See Doc. 12, Ex. 11, P. 199), to which Fortner indicated that he did. In that plea form, Fortner acknowledges that he was advised of the nature of the charges against him and all possible defenses that he might have. He acknowledged that he understood that by entering pleas of guilty, he gave up his rights to a trial. He further acknowledges that he was aware of the possible penalties, he was not under the influence of any mind-affecting drugs or intoxicants, and he indicates that there were no threats, pressure or other inducements to compel him to enter his guilty pleas.

Although the plea colloquy was less than what is normally expected of a careful sentencing court, it is sufficient, when considered in conjunction with the plea form to warrant a finding that the plea was knowingly, voluntarily and intelligently entered. There is no indication from the transcript of the plea hearing that Fortner failed to understand exactly what he was charged with or the consequences of his plea. Of course, he was not aware of the possible defenses available to him. In fact, no mention was made of the factual basis underlying the charges. However, Fortner indicated in the plea form that he understood the facts and circumstances concerning the charge. He nonetheless chose to relinquish any further investigation and discovery and proceed with the entry of his guilty plea, accepting the minimum mandatory sentence that he would serve if he was convicted.

Fortner is otherwise unable to establish that he would not have pled guilty after investigation, discovery and reflection about his plea. In general, in order to collaterally attack a guilty plea, a petition-

er must show that the error "resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure'." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Fortner cannot make such a showing in this case. By pleading guilty, resulting in consecutive sentences rather than concurrent sentences, Fortner merely increased his total sentence by a three-year minimum mandatory term. It is not reasonable to think that he would have risked a thirty year to life term, on charges to which he had confessed, because he found an additional three year term unacceptable. Therefore, Fortner cannot show that he would have not have pled guilty if he knew that his sentences in Pinellas and Pasco county would run consecutive to his sentence in Hernando county.

## THE DOUBLE JEOPARDY CLAIM

■ Fortner was charged with both armed robbery and grand theft for a single transaction. He was adjudicated guilty of both offenses. Fortner argues that conviction for both offenses arising out of the same transaction or occurrence violates the double jeopardy clause of the United States Constitution.

State interpretation of its own laws are binding on federal courts. *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir.1983). *See also Llamas–Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir.1982). In this case, the law of Florida at the time Fortner was convicted of his crimes did not proscribe dual convictions for armed robbery and grand theft based on the same taking. *State v. Rodriguez*, 500 S.2d 120 (Fla.1986). The crimes for which Fortner was charged took place in September of 1986, and he was sentenced in March of 1987. The trial court's denial of relief on double jeopardy grounds was a legal conclusion based on state law, which is binding on this Court. Therefore, Fortner is unable to establish a double jeopardy violation.

### CONCLUSION

Fortner has failed to establish that he was denied the effective assistance of counsel, that his pleas of guilty were involuntarily entered and that conviction for both offenses constitute double jeopardy. Accordingly, I recommend that the District Court DENY his petition for a writ of *habeas corpus*.

Respectfully submitted on this 20th day of May, 1992.

NOTE: This matter was referred to the United States Magistrate pursuant to the Standing Order of this Court and Local Rule 6.01(c)(17). Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1). Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982).