United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40692
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN BERNARD WORTH,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 2:05-CR-3-3
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kelvin Bernard Worth pleaded guilty to one count of
possession of crack cocaine with intent to distribute in
violation of 21 U.S.C. § 841(a)(1). Worth contends that the
district court erred in denying his motion to withdraw his guilty
plea and in imposing an enhancement for obstruction of justice
pursuant to U.S.S.G. § 3C1.1. Finding no error, we affirm.

With respect to Worth's motion to withdraw, Worth bore the
burden of showing a fair and just reason for withdrawing his
plea, and we review the district court's denial for an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in light of the so-called "Carr factors." See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003) (citing United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984)). We keep in mind that a defendant's statements under oath at a plea hearing are entitled to a presumption of verity. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Worth first contends that the Government showed him a videotape that purportedly depicted Worth engaged in a drug transaction corresponding to the count to which he pleaded guilty, which he later discovered to be untrue. Worth asserts that he was manipulated and coerced by this incorrect information. Worth offered no evidence in support of his claim, however. Although he asserts that statements by his counsel corroborate his allegation, those statements were vague and offered no indication as to when or how it was discovered that Worth was not, as he alleges, on the videotape in question.

Worth also argues that the Government's counsel conceded that there was a mixup, but a fair reading of the transcript contradicts this assertion, as it is clear that counsel was simply attempting to explain the change in the count to which Worth pleaded guilty. Although Worth argues that the district court should have allowed him to view the videotape, he fails to explain why he did not request the videotape before the court held an evidentiary hearing on the motion or before the court ruled on the motion, despite ample time to do so. The district

court did not err in denying his untimely request for production of the videotape. See, e.g., United States v. Atkins, 528 F.2d 1352, 1357-58 (5th Cir. 1976).

Worth's argument that the district court improperly denied his motion as a penalty for perjury during the trial of co-defendants Jeffrey Holland and Michael Andrews is likewise meritless. The district court made it clear when it ruled on the motion that its decision was based on Worth's trial testimony regarding his own involvement in the drug conspiracy, his sales of drugs to Andrews, and his ratification of his plea agreement. The sentencing transcript as a whole does not support Worth's contention that the court's reference to trial testimony was a reference to its finding that the testimony was perjured.

Worth also contends that his plea was not voluntary because the Government threatened to charge him with all the drugs in the indictment as well as fabricated drugs. This assertion is contrary to his sworn testimony at the plea hearing that he was not coerced or threatened, and Worth offers no evidence to rebut the presumption that his sworn statements were true. In addition, threats regarding additional charges or enhanced penalties are accepted practices in plea negotiations. See, e.g., Frank v. Blackburn, 646 F.2d 873, 878-79 (5th Cir. 1980) (en banc), modified on other grounds, 646 F.2d 902 (5th Cir. 1981).

We reject Worth's contention that he did not receive the close assistance of counsel.  He offered no evidence in support of his claims regarding his counsel's assistance.

Worth cites no other factors under Carr in support of his claim.  Considering the totality of the circumstances, we conclude that the district court did not abuse its discretion in denying the motion to withdraw.

Worth next challenges the imposition of the § 3C1.1 enhancement.  The Government argues that Worth waived his right to appeal.  Worth counters that the district court informed him at sentencing that he could appeal his sentence and that the Government failed to object.  We have rejected nearly identical arguments before.  See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).  We see no reason that a different result should obtain here.

The record of the plea colloquy demonstrates that Worth knowingly and voluntarily waived his right to appeal his sentence on all grounds except in the case of a sentence exceeding the statutory maximum.  See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (discussing voluntariness of appeal waiver). Worth's challenge to the enhancement falls squarely within the scope of his waiver.  Accordingly, he is barred from raising it on appeal.

For the foregoing reasons, the judgment of the district court is AFFIRMED.