IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-30391
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EARNEST FELICE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20021-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In August 2006, Earnest Felice (Felice) pleaded guilty to possession of child pornography and was sentenced to 120 months of imprisonment and supervised release for life. While being interviewed by the probation office during the preparation of Felice's presentence investigation report, Felice stated "I did nothing wrong. I am not guilty." When asked by the probation officer why he pleaded guilty, Felice stated that he was threatened and coerced. In December 2006, the district court received a letter from Felice. In the letter,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Felice made a number of allegations concerning his prior plea. The letter stated that he was coerced by his retained attorney, Mitchell Evans ("Evans"), and the prosecutors to plead guilty. Felice asserted that his guilty plea was entered in response to threats which created fear for the safety of his family and his life. Felice stated that he was told that if he did not say exactly what his attorney told him to say, and if he did not accept the plea agreement, the judge would order his immediate incarceration and additional indictments would be filed against him. Felice alleged that Evans failed to file a motion to withdraw his guilty plea when Felice requested it, that Evans failed to consider exculpatory evidence provided by Felice, and that Evans failed to speak with witnesses who could testify on Felice's behalf. The letter also requested that the district court allow Evans to withdraw so the court could appoint Felice a public defender.

The district court held a hearing based on Felice's letter, treating it as a motion for appointment of counsel to replace Evans. In court, Evans responded to the judge's questions by denying the representations made in Felice's letter. Evans told the court that he never knew of any threats or coercion, and that he felt it was apparent from the plea hearing that Felice's guilty plea was freely and voluntarily given. While at this hearing, Felice did not provide any further factual detail to support the claims made in his letter. The district court allowed Evans to withdraw and appointed a public defender to represent Felice.

Felice's newly appointed counsel filed a motion to withdraw the plea. The motion tracked the content of Felice's earlier letter, relying on Felice's assertion of innocence, his claim that the original plea was coerced, and that his prior counsel was ineffective. According to the motion, Evans again denied Felice's allegations when interviewed by Felice's appointed attorney. The motion did not provide any new factual content to support Felice's allegations beyond that which was in Felice's original letter. The district court denied the motion to withdraw Felice's guilty plea without holding a hearing. Felice argues on appeal that the district court erred in denying his motion to withdraw his guilty plea

2

without holding a hearing. He asks this court to vacate the ruling denying his motion to withdraw and to remand for a hearing on the motion.

A defendant does not have an absolute right to withdraw his guilty plea. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). The defendant bears the burden of showing a "fair and just reason" for the withdrawal. See FED. R. CRIM. P. 11(d)(2)(b); Powell, 354 F.3d at 370. A defendant is not entitled to a hearing on his motion to withdraw, but a hearing is "required when the defendant alleges sufficient facts which, if proven, would justify relief." Powell, 354 F.3d at 370. We review the district court's decision to deny the motion and its decision not to hold an evidentiary hearing for an abuse of discretion. See id. "Any errors made in failing to hold evidentiary hearings are subject to the harmless error standard." Id.

The district court analyzed Felice's motion to withdraw under the factors set forth in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The factors include whether: (1) the defendant has asserted his innocence; (2) the government would be prejudiced; (3) the defendant delayed in requesting the withdrawal; (4) the court would be substantially inconvenienced; (5) the close assistance of counsel was available; (6) the plea was knowing and voluntary; (7) the withdrawal would waste judicial resources, and "as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." Id. (footnotes and citations omitted). The district court focused on Felice's assertion of innocence, his claims of coercion, and the delay in filing his motion. But the district court need not expressly consider all of the factors laid out in Carr. See Powell, 354 F.3d at 370 (stating that the district court's decision is based on the totality of the circumstances, and the district court is not required to make specific findings on each of the factors).

On appeal, Felice argues that we should treat the allegations in his motion as true when evaluating the district court's denial. But Felice fails to

differentiate between conclusory allegations, such as "I was coerced," and the "sufficient facts" required under Powell. Because Felice's motion relies on conclusory allegations which find no support in the record, he did not provide "sufficient facts which, if proven, would justify relief" from his earlier guilty plea. Accordingly, the district court acted within its discretion in denying the motion to withdraw without holding a hearing.

Felice points to his assertion of innocence to support the withdrawal of his plea. As to his claim of innocence, Felice has made only a bare assertion that he "did nothing wrong." He points to no facts that would support any theory of innocence. During his plea colloquy, he admitted to the factual basis for his plea, and he has never denied that hundreds of pornographic images of children were found on his personal computer and computer disks in his residence. A mere assertion of innocence is not sufficient to contradict the defendant's sworn admission of guilt at a plea hearing. See United States v. Rasmussen, 642 F.2d 165, 166-69 (5th Cir. 1981); see also Carr, 740 F.2d at 344 (noting that if an assertion of innocence were enough to withdraw a guilty plea, withdrawal would be an automatic right).

Felice contends that if he could prove that his attorney was ineffective, he would be entitled to withdraw his plea. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (holding that ineffective assistance can render a guilty plea involuntary). Felice alleged that his counsel was ineffective because he did not consider evidence provided by Felice and because he refused to speak to witnesses. See Washington v. Watkins, 655 F.2d 1346, 1363-64 (5th Cir. 1981) (recognizing that ineffective assistance claims based on uncalled witnesses require a heavy showing by the petitioner because the court is forced to make a hypothetical determination of how an uncalled witness may have testified). Felice's motion did not identify the allegedly useful witnesses, nor did it state what exculpatory evidence his counsel ignored. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate . . . must allege

4

with specificity what the investigation would have revealed."). Without more, there was no need for a hearing on Felice's bare allegations of ineffective assistance.

Felice also argues that he should be given the chance to establish at a hearing that his plea was coerced. Felice alleged in his motion that he pleaded guilty in response to coercive intimidation and threats which created fear for the safety of his family and his life. With respect to this point, we note that while the district court did not hold a hearing after receiving the motion filed by Felice's appointed counsel, it did hold a hearing based on Felice's letter. Felice's letter included the same empty allegations of threats and coercion as did his later motion. At the hearing prompted by Felice's letter, his former attorney, Evans, stated in open court that he had no knowledge of any threats or coercion. While at the hearing, Felice did not respond to the statements by his counsel nor did Felice provide any further factual information to support the allegations made in his letter. In its order denying the motion to withdraw his plea, the district court noted that during his colloquy, Felice acknowledged his plea was freely and voluntarily given, and that no one had coerced or threatened him to induce his guilty plea. "It is well established that solemn declarations in open court carry a strong presumption of verity." United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (internal quotation marks and citation omitted). The only threats more specifically identified in Felice's motion were threats that further charges would be brought against him if he did not accept his plea. Threats regarding additional charges or enhanced penalties are accepted practices in plea negotiations and are not considered the kinds of threats which undermine the voluntariness of a guilty plea. See Frank v. Blackburn, 646 F.2d 873, 878-79 (5th Cir. 1980) (en banc), modified on other grounds, 646 F.2d 902 (5th Cir. 1981). Felice's claims of threats and coercion did not require a hearing on his motion to withdraw his plea.

Finally, Felice argues that the district court erred in treating his motion as delayed under Carr's third factor. Taking the time of filing to be when Felice's appointed counsel actually filed his motion to withdraw the guilty plea, the district court found that Felice allowed more than six months to elapse between his guilty plea and his motion for withdrawal. We note that the district court received Felice's original letter, which outlined the basis for his desire to withdraw his plea, some four months earlier than the eventual motion filed by his appointed counsel. Further, Felice argues that his original delay resulted from because Evans would not file a motion to withdraw Felice's plea. Even assuming Felice's motion was filed in a timely manner, we do not believe the district court would have been compelled to hold a hearing on the motion. Powell requires that "sufficient facts" be alleged that if proved would justify relief from the earlier guilty plea. Powell, 354 F.3d at 370. Regardless of when Felice filed his motion, the motion barely contains any facts; and no record evidence supports Felice's conclusory allegations. As such, the district court did not abuse its discretion in denying Felice's motion to withdraw his guilty plea without holding a hearing.

We AFFIRM the district court's denial of Felice's motion to withdraw his guilty plea.