UNITED STATES of America, Plaintiff–Appellee,

v.

John Edward SULLIVAN, Defendant–Appellant.

No. 89–1746
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1990.

Louis E. Sullivan, Angelo, Tex., pro se.

Joe Hernandez, San Angelo, Tex., for defendant-appellant.

Marvin Collins, U.S. Atty., Dallas, Tex., Roger McRoberts, Nancy M. Koenig, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Sentenced to 75 months imprisonment and $290,000 in fines after conviction on a guilty plea of mail fraud, 18 U.S.C. §§ 1341 and 1342, and false representation of a social security number, 42 U.S.C. § 408(g)(2), John Edward Sullivan appeals, contending that his sentences constitute cruel and unusual punishment. Finding that the sentences do not offend the eighth amendment, we affirm.

### Background

In early 1986 Sullivan injured himself, incurring $1,750 in medical expenses. He filed claims with 36 different insurance companies in connection with this injury, reaping $63,953 in payments. Sullivan repeated the pattern over the next 24 months, submitting 47 claims and receiving $34,441 for a $1,524 injury, 28 claims garnering $15,507 for a $1,383 broken toe, and 42 claims resulting in $36,521 in payments for a $1,600 injury. He effectuated this scheme using a variety of names, addresses, and social security numbers. In addition, he established accounts with several investment firms, using social security numbers that were not his.

In April 1988 a grand jury handed up a 48-count indictment charging Sullivan with mail fraud, 18 U.S.C. §§ 1341 and 1342, and use with intent to deceive of a social security number that was not his own, 42 U.S.C. § 408(g)(2). That indictment was superseded by a 67-count indictment, alleging multiple violations of the same statutes. Sullivan pled guilty to two counts, one for mail fraud and one for false representation of a social security number, in exchange for the government's agreement to dismiss the remaining counts and to make no sentencing recommendation. The written plea agreement stated that the plea exposed Sullivan to statutory maximum sentences totaling ten years incarceration, $500,000 in fines and three years supervised release.

The court sentenced Sullivan to 15 months imprisonment and a $40,000 fine for the mail fraud count and five years imprisonment and a $250,000 fine for the false social security number count. The court ordered the jail sentences to run consecutively, to be followed by three years supervised release. Sullivan timely appealed.

### Analysis

Sullivan maintains that 75 months imprisonment and $290,000 in fines is so grossly disproportionate to the offenses of which he was convicted as to constitute cruel and unusual punishment in contravention of the eighth amendment. We are not so persuaded.

Preliminarily, we note the narrow scope of our review under the eighth amendment. Although no sentence is *per se* constitutional,

> [r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the

discretion that trial courts possess in sentencing convicted criminals. . . .

Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.

*Solem v. Helm,* 463 U.S. 277, 290, 290 n. 16, 103 S.Ct. 3001, 3009, 3009 n. 16, 77 L.Ed.2d 637 (1983). We heretofore have emphasized our reluctance to limit legislative responses to criminal activity, and consistently have refused to disturb a trial court's sentence absent impermissible motives, incorrect information, or, where applicable, noncompliance with the recently promulgated Sentencing Guidelines. *See, e.g., Terrebonne v. Butler,* 848 F.2d 500 (5th Cir.1988) (en banc), *cert. denied,* ⸺ U.S. ⸺, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989); *United States v. Hurtado,* 846 F.2d 995 (5th Cir.), *cert. denied,* ⸺ U.S. ⸺, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988). From this deferential perspective, we find no eighth amendment violation herein.

■ The first offense to which Sullivan pled guilty—mail fraud—occurred after November 1, 1987 and thus is governed by the Sentencing Guidelines. Sullivan's term of incarceration and fine are within the applicable guideline ranges. Guideline §§ 2F1.1; 5E4.2. Developed from empirical research with the goal of making the punishment fit the crime, the Guidelines are a convincing objective indicator of proportionality. *United States v. Mejia–Orosco,* 867 F.2d 216 (5th Cir.), *cert. denied,* ⸺ U.S. ⸺, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989); Guidelines Introduction at 1.2–1.4. Sullivan has made no showing to the contrary.

■ The second offense to which Sullivan pled guilty—intentional use of a false social security number—occurred prior to the effective date of the Guidelines. On that count the court imposed the statutory maximum of both incarceration and fine. We find nothing inappropriate either in the statutory maximums set by Congress or in the court's decision to apply them in this case.

Contrary to Sullivan's argument, intentional use of a false social security number is not a trivial offense. In amending section 408(g) of the Social Security Act to criminalize use of a false social security number for any purpose, Congress indicated a concern with tax evasion. H.R. Rep. No. 1380, 94th Cong., 2d Sess. 391–92 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 3356, 3820–21. Shortly thereafter, in 1981, it increased the statutory maximum sentence for a violation of section 408 from imprisonment for one year to a period of five years. Omnibus Reconciliation Act of 1981—Social Security Benefits, Pub.L. No. 97–123, § 4(b), 95 Stat. 1659, 1664 (1981). We cannot say that Congress acted precipitously or inappropriately in setting this penalty. Social Security identification has assumed an increasing importance in our society, notably for taxation purposes, but for other reasons as well. Fraudulent use of social security numbers is no minor or trivial matter.

Nor can we say that the court erred in applying the statutory maximum sentence. Contrary to Sullivan's contentions, the court's vista in sentencing was not limited to the conduct comprising the offense of conviction—use of a false social security number to open a brokerage account. It was entitled to consider the entire course of conduct involving approximately $150,000 in fraudulent insurance claims and multiple investment accounts under false social security numbers—conduct to which Sullivan admitted in pleading guilty to the mail fraud count. *United States v. Fulbright,* 804 F.2d 847 (5th Cir.1986). In this setting, the court was justified in viewing Sullivan's conduct as an egregious violation of section 408(g)(2) and in sentencing him accordingly.

Sullivan's constitutional objection to the $250,000 fine is similarly flawed. In setting this amount, Congress determined that

a substantial sum was necessary to punish and deter white collar and other highly profitable crime. "Certainly no correctional aims can be achieved where the maximum sentence imposable is set at such a low level that it can be regarded merely as a cost of doing business...." S.Rep. No. 225, 98th Cong., 1st Sess. 106 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3289. Again, we are not prepared to say that the district court erred in imposing the $250,000 fine considering that Sullivan's offense-related conduct netted nearly $150,000 and that he has considerable other financial resources.

The sentences imposed by the district court are AFFIRMED.