**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Paul D. WOOD, Defendant–Appellee.**

No. 93–2210.

United States Court of Appeals, Tenth Circuit.

Sept. 22, 1994.

Richard A. Friedman, Attorney, Appellate Section, Crim. Div., Dept. of Justice, Washington, DC (John J. Kelly, U.S. Atty., and Wallace H. Kleindienst, Sp. Asst. U.S. Atty., D.N.M., with him on the briefs), for plaintiff-appellant.

David L. Norvell of the Norvell Law Firm, Albuquerque, NM, for defendant-appellee.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

At the time of the events that gave rise to this action, Defendant–Appellee ("Defendant") was an employee with Blaze Construction Company, a wholly owned Indian corporation that is active in seeking contracts with the Navajo Tribe. In an indictment returned

June 15, 1990, the government alleged that Defendant made an illegal transfer of a sports car to a third person who was under investigation by the FBI, and then lied to the FBI concerning the transfer during an interview. Rather than seeking an indictment for the illegal transfer itself, however, the government instead prosecuted Defendant for the statements he made to the FBI concerning the transfer. Specifically, Defendant was indicted for making false statements to a federal agency, in violation of 18 U.S.C. § 1001, and obstruction of justice, in violation of 18 U.S.C. § 1503.

The indictment for false statements and obstruction of justice came to trial on August 27, 1990. At the close of the government's case, the district court dismissed the obstruction of justice count as insufficient to state an offense insofar as it did not specifically allege the statements by which Defendant had endeavored to obstruct justice. On September 5, 1990, Defendant was convicted of the false statements offense. On December 18, 1990, the district court granted Defendant's motion for a new trial based on the presence in the jury room of an easel containing the prosecutor's notes. The court subsequently denied Defendant's motion for a judgment of acquittal on the false statements count.

Defendant appealed the denial of his motion for judgment of acquittal, and the government appealed the grant of a new trial and the dismissal of the obstruction of justice charge. This court affirmed the grant of a new trial, reversed the dismissal of the obstruction of justice charge, and remanded for further proceedings. *United States v. Wood*, 958 F.2d 963 (10th Cir.1992). While the government was preparing to retry Defendant on the same indictment without the addition of any new charges, Defendant moved to dismiss the indictment on the theory that the pertinent statutes did not reach his alleged conduct. On August 10, 1992, the district court granted Defendant's motion and dismissed the entire indictment with prejudice. The government then promptly appealed the dismissal of the indictment and filed a new indictment—the indictment at issue in this case—charging Defendant with corruptly giving a bribe or gratuity to an agent of an Indian tribal government, in violation of 18 U.S.C. § 666(a)(2). This indictment arose from the same transfer of a sports car that gave rise to the original indictment for making false statements and obstructing justice. On October 29, 1992, Defendant filed a motion to dismiss the new indictment for vindictive prosecution. After an initial hearing, the district court granted Defendant's motion, and on June 23, 1993, the district court entered an order dismissing the new indictment with prejudice. This appeal followed.

■■■ Provided that the district court applied the appropriate legal principles, the Tenth Circuit views vindictive prosecution claims as mixed questions of law and fact and reviews a district court's resolution of these issues under the clearly erroneous standard. *United States v. Raymer*, 941 F.2d 1031, 1039 n. 4 (10th Cir.1991). To succeed in a vindictive prosecution claim, a Defendant has the burden of establishing "either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *Raymer*, 941 F.2d at 1040. Thereafter, the burden shifts to the prosecution to justify its charging decisions with "legitimate, articulable, objective reasons." *Id.* The district court found and the parties agree that Defendant has not demonstrated actual vindictiveness; therefore, our review is limited to whether the district court erred when it found that the circumstances were such that a realistic likelihood of vindictiveness existed, and that the government did not successfully rebut the presumption that consequently arose.

■■■ Considering all of the facts and all inferences therefrom in the light most favorable to the prevailing party below, in this case the Defendant, *see United States v. Preciado*, 966 F.2d 596, 597 (10th Cir.1992), we cannot conclude that the district court's finding that a reasonable likelihood of vindictiveness existed was clearly erroneous. A change in a charging decision made after an initial trial, as was the charging decision in this case, is much more likely to be improperly motivated than is a pre-trial decision. *United States v. Goodwin*, 457 U.S. 368, 381, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982).

Not only was the decision to reindict Defendant on a new charge made after his initial trial was complete, it was made more than two years after his trial, it was not based on any new evidence or change in circumstances, and it was made soon after Defendant exercised a legal right to the government's disadvantage. Furthermore, the indictments in this case did not arise out of separate events, *cf. United States v. Partyka,* 561 F.2d 118, 124 (8th Cir.1977), *cert. denied,* 434 U.S. 1037, 98 S.Ct. 773, 54 L.Ed.2d 785 (1978), and were not split up for any rational reason related to management or efficiency. *Cf. United States v. Cardall,* 885 F.2d 656, 666 (10th Cir.1989); *United States v. Esposito,* 968 F.2d 300, 306 (3rd Cir.1992). Under the circumstances, the government's decision to reindict Defendant on a new charge was inherently suspect, and therefore, the district court did not err when it held that a reasonable likelihood of vindictiveness existed.

As previously stated, once it is found that a reasonable likelihood of vindictiveness existed, a presumption of vindictiveness arises which the government must overcome by demonstrating legitimate, objective, and articulable reasons for its conduct. We agree with the district court that the government has failed to overcome this presumption. As the district court found, the government has not provided any rational explanation for why it brought the bribery charge only after Defendant exercised his legal rights to the government's detriment. Instead, the government's primary argument in trying to overcome the presumption centers on language in the Fifth Circuit case of *United States v. Krezdorn,* 718 F.2d 1360, 1365 (1983) (en banc), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984):

> If the defendant challenges as vindictive a prosecutorial decision to increase the number or severity of charges following a successful appeal, the court must examine the prosecutor's actions in the context of the entire proceedings. If any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecution's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish appeals, no presumption of vindictiveness is created.

However, this language relates to the Fifth Circuit's test for whether the presumption is *created,* not whether the presumption has been defeated. When discussing the test relevant to whether the presumption has been overcome, the Fifth Circuit stated that "a presumption of vindictiveness ... cannot be overcome unless the government proves by a preponderance of the evidence that events occurring since the time of the original charge decision altered [the] initial exercise of the prosecutor's discretion." *Id.*

The government in this case has simply not asserted any relevant change in circumstances or any other rational reason for charging Defendant in such an inherently suspect manner. Therefore, the government has not overcome the presumption of vindictiveness, and the district court did not err when it dismissed the bribery charge against Defendant.

AFFIRMED.