**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis A. PEREZ, Defendant–Appellant.**

**No. 95–3035.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1996.

Decided March 25, 1996.

Timothy O'Shea (argued), Office of U.S. Atty., Madison, WI, for plaintiff-appellee.

Frank M. Tuerkheimer (argued), Lafollette & Sinykin, Madison, WI, for defendant-appellant.

Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.

POSNER, Chief Judge.

After we reversed Perez's conviction and 300 month sentence for assault with intent to commit murder by attacking his cellmate with a razor, inflicting cuts that required 108 stitches, 43 F.3d 1131 (7th Cir.1994), the government reindicted Perez, adding a new charge, assault resulting in serious bodily injury. The jury acquitted Perez of the old charge and convicted him of the new. He was sentenced to 120 months, which of course was considerably less than his previous sentence. Nevertheless he appeals on the ground that the addition of the new charge was the result of "prosecutorial vindictiveness" that should void the conviction.

It used to be that if a defendant appealed and won a new trial, he took his chances concerning the sentence he might receive if he was again convicted and this time the conviction was sustained. He might have been convicted of murder and sentenced to life imprisonment; he ran the risk that if he appealed and got a new trial and was again convicted, this time without reversible error, he might be sentenced to death. This prospect was a deterrent to appealing, and in *North Carolina v. Pearce*, 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969), the Supreme Court held that the trial judge could not give the defendant a heavier sentence after a successful appeal unless there was an innocent reason for doing so, that is, a reason unrelated to any desire to penalize defendants for making pests of themselves by appealing. It was in retrospect unfortunate that the Court formulated the new principle as the creation of a presumption (triggered by the heavier sentence on remand) of judicial vindictiveness. For this made it necessary for the Court to complicate the law by establishing a second, separate presumption (as it did in *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 2102–03, 40 L.Ed.2d 628 (1974)) for cases in which, though the judge himself had had an innocent reason for imposing the heavier sentence, he had done so in response to prosecution decisions, for example (as here) the decision to add a new charge, that might themselves have been intended to deter appeals.

The split focus between judge and prosecutor is unfortunate not only because it makes things more complicated but also because it deflects attention from the goal of the law, which is to prevent the imposition of a heavier sentence on remand without good cause. The prosecutor's "vindictive" decision is

made before the second sentence is imposed, and if that decision is regarded as the unlawful act of which the defendant may complain it becomes natural to take the next step and allow the district judge to dismiss the second indictment, as in *United States v. Krezdorn*, 693 F.2d 1221, 1224 (5th Cir.1982), and *United States v. Wood*, 36 F.3d 945 (10th Cir. 1994). See also *United States v. Motley*, 655 F.2d 186, 188 (9th Cir.1981), where the defendant was allowed to appeal from the district court's denial of his motion to dismiss the superseding indictment. This strikes us as a very strange manner of proceeding since, unless the second sentence is heavier than the first, the defendant has no basis for complaint. No one is going to be deterred from appealing a criminal conviction and sentence if he knows that he can be punished more heavily in a second round only if the government can carry the burden of proving that the reasons for the heavier punishment were entirely innocent.

■ We have not found a case in which a defendant who was not punished more heavily the second time around (our defendant was punished much more *lightly* the second time around—receiving a ten-year sentence instead of a twenty-five-year sentence) nevertheless successfully interposed a defense of judicial or prosecutorial vindictiveness. We do not see how such a defendant could possibly defend on this ground, and, if this is right, then we do not see why the defendant should be permitted to challenge the new indictment or other prosecutorial action before he is sentenced. We derive additional support for this conclusion from cases of judicial vindictiveness in which the remedy decreed is not to let the defendant off but merely to reduce his second sentence to his first. E.g., *United States v. Tucker*, 581 F.2d 602, 608 n. 11 (7th Cir.1978). Any greater relief confers a pure windfall on the defendant, and to grant such a relief as a punishment for prosecutorial misconduct would be contrary to the policy of the Supreme Court that with irrelevant exceptions such misconduct not be punished by letting defendants walk.

■ Perez did challenge the second indictment and the district judge considered the challenge carefully, finding it to be without merit. We agree that it lacks merit, and disagree only, as we have just explained, with the assumption that it was necessary to consider the matter before Perez was sentenced. We had reversed his first conviction because of an error in the instructions, namely the failure to tell the jury that to convict Perez of assault with intent to commit murder it had to find that he had had the "subjective intent" to commit murder, and had not just been acting with reckless disregard for his victim's life. The result of this ruling was to make it more difficult for the government to convict him of this charge, and so the government prudently added a second, lesser charge, as to which it had Perez cold. This it seems to us was reason enough for the district judge to find that the addition of the new charge was not intended to teach people in Perez's position not to appeal—and very poor teaching it would have been, since he gained fifteen years of freedom by appealing. Certainly the judge's finding was not a *clear* error, and that is the standard. *United States v. Wood*, supra, 36 F.3d at 946. We did, it is true, apply the de novo standard to the issue of prosecutorial vindictiveness in United States v. Tucker, supra, but without discussion of the issue, which may not have been raised.

The reason there is any doubt on the question is that, although the question what the prosecutor intended is a purely factual question and no one can doubt that review of purely factual questions, with a few irrelevant exceptions (mainly in free-speech cases), is governed by the clearly-erroneous rule, Fed.R.Civ.P. 52(a), the question whether the presumption of vindictiveness created by Pearce and Blackledge has been rebutted could be, or at least has been, described as presenting a mixed question of fact and law. E.g., *United States v. Wood*, supra, 36 F.3d at 946. And some courts review such questions de novo (the Ninth Circuit did in a case of prosecutorial vindictiveness, *United States v. Montoya*, 45 F.3d 1286, 1291 (9th Cir. 1995)), although this circuit has come down firmly on the side of applying the clearly-erroneous standard to such questions. E.g.,

**82**

*United States v. Baldwin,* 60 F.3d 363 (7th Cir.1995).

But we think the presumption of vindictiveness is best viewed as simply shifting the burden of proof on the issue of intent to the prosecution (if that, as the Supreme Court's decisions since Pearce and Blackledge, illustrated by *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), seem to have diluted the presumption considerably), rather than as altering the purely factual nature of the issue. If so, it is utterly plain that the applicable standard here is one of clear error, and equally plain that the district judge's ruling was not clearly erroneous.

AFFIRMED.