IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41378
Summary Calendar

_____


UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FERNANDO SILVA-ACEVES

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-135-1
--------------------
August 15, 2000

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fernando Silva-Aceves ("Silva") appeals his conviction and sentence for possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). He argues that the evidence was insufficient to support his conviction, specifically, that it was insufficient to show that he had knowledge of the marijuana discovered in his tractor-trailer.

The evidence demonstrated that Silva owned the trailer in which the marijuana was discovered; that he had been in continuous possession of it; that he was extremely nervous when

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stopped by Border Patrol agents; that his trailer had been obviously altered and equipment which could have assisted in the alterations was found in the cab of his truck; that receipts recovered from his cab conflicted with the entries in his official log book; that most of his time on the day the marijuana was discovered was unaccounted for; and that he had misinformed the contractor for whom he was working regarding the availability of his truck on that date, leading to the inference that the marijuana was loaded at that time. Thus, viewed in the light most favorable to the prosecution, the evidence was sufficient to demonstrate Silva's guilty knowledge. See United States v. Casilla, 20 F.3d 600, 606 (5th Cir. 1994); United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990); see also Jackson v. Virginia, 443 U.S.307, 319 (1979).

Silva also challenges his sentence, arguing that the 105-month prison term was excessive, imposed in retaliation for his having exercised his constitutional right to a jury trial. His true argument is that he should have been sentenced instead to the lowest end of the applicable guidelines range and that anything higher was excessive. However, there is no authority by which a defendant may challenge where his sentence fell within a properly-calculated guidelines range. See United States v. O'Banion, 943 F.2d 1422, 1431 (5th Cir. 1991); cf. United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993); United States v. Sullivan, 895 F.2d 1030, 1032 (5th Cir. 1990).

Silva also challenges the $10,000 fine imposed by the district court, asserting that it was also imposed in retaliation

for his having exercised his right to a jury trial.  His assertion that a fine was not permitted is clearly incorrect; both the guidelines and the statute of conviction required the district court to impose a fine, absent evidence of his inability to pay.  See U.S.S.G. § 5E1.2(a); 21 U.S.C. § 841(b)(1)(B).  Although the district court stated that a fine was appropriate to reimburse the Government for its trial expenses, its reasons for imposing the fine are irrelevant to the question whether the imposition of the fine was proper.  See § 5E1.2(a).  To the extent Silva argues that the district court erred in considering the prosecution's costs in determining the amount of the fine imposed, the error, if any, was harmless because the fine imposed was actually $5,000 less than the minimum required under the relevant guidelines range.  See §§ 5E1.2(c)(3) and (d).

Silva alternatively argues that the fine was improper because he is unable to pay.  The PSR stated that Silva had the assets to pay the fine, the district court specifically found that his assets were sufficient, and Silva did not present any proof of his inability to pay.  Thus, the district court's finding that he was able to pay the fine was not clear error.  See United States v. Martinez, 151 F.3d 384, 396 (5th Cir.), cert. denied, 525 U.S. 1031 (1998) and 525 U.S. 1085 (1999); O'Banion, 943 F.2d at 1431; § 5E1.2(d) and (e).  Silva asserts that using his assets to pay his fine would be unduly burdensome to his family.  Under the guidelines, the district court should consider the financial burden a fine imposes on a defendant's dependents, and, if it is unduly burdensome, the court may lessen

or waive the fine.  §§ 5E1.2 (d)(3) and (e).  However, "[t]he clearly enunciated purpose of a fine is a punitive sanction, and it is not an abuse of discretion to impose a fine that is likely to constitute a significant financial burden."  United States v. Matovsky, 935 F.2d 719, 722 (5th Cir. 1991).  The fine imposed was not unduly burdensome since it was significantly less than the guidelines minimum and since Silva's family will retain in excess of $50,000 from the sale of his assets, the majority of their value, even after payment of the fine.  See § 5E1.2(e).  The district court's imposition of a $10,000 fine was not error.  See Martinez, 151 F.3d at 396.

AFFIRMED.