**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RYAN LEE MITCHELL, a/k/a Ray Tone,

      Defendant - Appellant.

No. 13-5052
(D.C. No. 4:12-CR-00163-JHP-2)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Ryan Mitchell complains about the denial of his motion to dismiss a federal

indictment on two charges relating to a bank burglary. The indictment came only nine

days before the expiration of the statute of limitations. The delay foreclosed the

possibility of him serving his federal sentence concurrently with a state sentence he was

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

serving on another crime.  That, he contends, violated several of his constitutional rights.
He is wrong.

## BACKGROUND AND PROCEDURAL HISTORY

On September 15, 2007, Mitchell burglarized a bank's automated teller machine (ATM).  About 18 months later, he robbed a drugstore.  He was prosecuted for the drugstore robbery in state court where he pled guilty and was sentenced to seven years imprisonment.  Because of his exemplary behavior while in prison, he was paroled after serving less than two years of his prison term.  After his parole, he found a job, passed his drug tests, and even began to repay his court costs.  He also began taking care of his mother, who suffers from stage 4 cancer.  Despite his apparent reformation, a federal grand jury indicted him on two charges related to the 2007 bank burglary.  The indictment issued on September 6, 2012—nine days prior to the expiration of the five-year limitation period for the charges.

Mitchell moved to dismiss the indictment.  He alleged (1) unreasonably delayed prosecution; (2) double punishment; (3) vindictive prosecution; and (4) denial of his right to a speedy trial.  Much of his argument was premised on an incident that occurred while he was imprisoned.  According to his motion, in early 2010, two FBI agents attempted to interview him regarding the bank burglary.  Mitchell refused to waive his *Miranda* rights and declined to answer their questions without the presence of counsel.  The agents terminated the interview.  Mitchell supposes the prosecution was delayed to punish him for invoking his *Miranda* rights.  He suggests prosecutors were motivated by a desire to minimize any possibility of his imprisonment on the federal bank burglary charges running concurrently with his state sentence for the drugstore robbery.

After holding a hearing on Mitchell's motion to dismiss, a magistrate judge issued a report recommending its denial. Mitchell objected, but the district judge accepted the recommendation. Mitchell then pled guilty under a plea agreement reserving his right to appeal from the denial of his motion to dismiss and was sentenced to imprisonment for 21 months—the maximum sentence under the United States Sentencing Guidelines.

## DISCUSSION

As he did in the district court, Mitchell contends the indictment should have been dismissed because of (1) unreasonably delayed prosecution; (2) double punishment; (3) vindictive prosecution; and (4) denial of his right to a speedy trial. He is still wrong.

We review a denial of a motion to dismiss for abuse of discretion. *United States v. Madden*, 682 F.3d 920, 929 (10th Cir. 2012). Under this review standard, we review de novo the judge's application of the law and review any factual findings for clear error. *See United States v. Contreras*, 108 F.3d 1255, 1262 (10th Cir. 1997); *accord United States v. Orona*, 724 F.3d 1297, 1300 (10th Cir. 2013) (concluding the issue of "whether a criminal sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment" is a legal issue we review de novo), *cert. denied*, 134 S. Ct. 662 (2013).

A.     Unreasonably Delayed Prosecution

The Fifth Amendment prohibits the government from depriving a person "of life, liberty, or property, without due process of law." U.S. Const. Amend. V. Although the Sixth Amendment's guarantee of a "speedy trial" is not applicable to pre-indictment delay, the Fifth Amendment's due process clause requires the dismissal of charges against a defendant when (1) the government has caused the delay to obtain a tactical advantage or to harass the defendant, and (2) the delay has, in fact, unfairly prejudiced

the defendant's case. *United States v. Revada*, 574 F.2d 1047, 1048 (10th Cir. 1978). These deeply restrictive criteria are a natural consequence of the prosecutor's wide discretion to decide when to bring charges. *See generally United States v. Lovasco*, 431 U.S. 783 (1977).

The only prejudice Mitchell claims is foreclosure of the possibility of concurrently serving his federal and state sentences. Yet even if the government had brought its charges earlier, Mitchell would have only had the opportunity to *request* concurrent sentencing. *See* 18 U.S.C. § 3584(a). He would not have been *entitled* to it. *See id.* Under our jurisprudence, such prejudice is too speculative to implicate the due process concerns attendant to pre-indictment delay. *Madden*, 682 F.3d at 929-30.

B.      Double Punishment

Is it inappropriate for the federal government to punish Mitchell "in 2012 for what he did in 2007?" (Appellant Br. 23.) He thinks so and views it as especially unfair since the delayed federal indictment foreclosed the possibility of concurrent sentences, as we just discussed.

To be clear, as we read his brief, he does not argue he was twice punished for the same offense or the same crime in violation of the Fifth Amendment's double jeopardy proscription. Rather, he bases his argument on the cruel and unusual punishment clause of the Eighth Amendment. He cites *Graham v. Florida*, 560 U.S. 48 (2010), where the Supreme Court explained that, under the Eighth Amendment, punishments must be proportionate to the crime. *Id.* at 59-60; *see Orona*, 724 F.3d at 1300.

When considering the proportionality of a "term-of-years" sentence, we examine all the circumstances of the defendant's case. *Graham*, 560 U.S. at 59. We uphold any sentence except those "'extreme sentences that are grossly disproportionate to the

- 4 -

crime.'" *Id.* at 60 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment); *see also Graham*, 560 U.S. at 59-60 (noting Justice Kennedy's concurrence is the "controlling opinion" in *Harmelin*). We "begin by comparing the gravity of the offense and the severity of the sentence." *Graham*, 560 U.S. at 60. If we believe the punishment disproportionate, we "should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.*

Here, although the timing of Mitchell's indictment foreclosed the possibility of concurrent sentences, his sentence was not disproportionate. On the contrary, his sentence was within the range applicable under the sentencing guidelines. The guideline ranges were developed empirically from data about existing sentences with the goal of ensuring proportionality. *See United States v. Sullivan*, 895 F.2d 1030, 1032 (5th Cir. 1990) ("Developed from empirical research with the goal of making the punishment fit the crime, the Guidelines are a convincing objective indicator of proportionality."); *see also United States v. Jones,* 696 F.3d 695, 699 (7th Cir. 2012) ("[I]f a district court has correctly calculated the Guidelines range, we assume that significant consideration has been given to avoid unwarranted disparities between sentences."), *cert. denied*, 133 S. Ct. 916 (2013). We do not generally regard a within-guideline sentence as so grossly disproportionate as to constitute cruel and unusual punishment. *See United States v. Nicholson*, 17 F.3d 1294, 1299 (10th Cir. 1994); *United States v. Hughes*, 901 F.2d 830, 832 (10th Cir. 1990). No reason exists to stray from that general rule.

C.      Vindictive Prosecution

Next, Mitchell argues his prosecution was an impermissibly vindictive response to his assertion of his *Miranda* rights.  He views the timing of the September 6, 2012, indictment as suspicious in light of the prosecution's awareness of his incarceration for the drugstore robbery and his refusal to waive his *Miranda* rights in 2010.  Mitchell has failed to demonstrate vindictiveness.

"When a defendant exercises constitutional or statutory rights in the course of criminal proceedings, the government may not punish him for such exercise without violating due process."  *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991).  On such a vindictiveness claim, "the defendant bears the burden of proving either '(1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness.'"  *United States v. Wall*, 37 F.3d 1443, 1447 (10th Cir. 1994) (quoting *United States v. Wood*, 36 F.3d 945, 946 (10th Cir. 1994)).  Although it would be unusual to recognize a presumption of vindictiveness in the pre-trial context, we can presume vindictiveness when the defendant shows "a realistic or reasonable likelihood" that a prosecutor's decision "would not have occurred but for hostility or punitive animus toward[] the defendant because he exercised his specific legal right."[1]  *Raymer*, 941 F.2d at 1042 (quotation marks omitted); *accord Wall*, 37 F.3d at 1448.  "If the defendant successfully bears that burden, the prosecution must 'justify its decision with legitimate, articulable, objective reasons' for its actions."  *Wall*, 37 F.3d at 1447 (quoting *Raymer*, 941 F.2d at 1040).

_____

[1] Contrary to the magistrate judge's assessment, we have not "acknowledge[d] that there is no presumption of vindictiveness in the pretrial context."  (R. Vol. I at 124.)  *See Raymer*, 941 F.2d at 1040 ("[W]e have rejected the idea that a presumption of vindictiveness may never arise in the pretrial setting.").

The problem with Mitchell's argument is that the prosecutor merely charged him with a crime he concedes he committed. Unlike other vindictive prosecution cases, this is not a case where the prosecutor brought more charges or more severe charges after the defendant asserted a legal right or successfully challenged a conviction on appeal. *See Raymer*, 941 F.2d at 1040; *see also id.* at 1041 ("[F]ederal courts repeatedly have rejected the idea that federal prosecution, after state proceedings, constitutes vindictive federal prosecution."). Even viewing the facts in a manner generous to Mitchell, the facts only tenuously suggest the prosecution's charging decision was intended to improperly punish him.[2] Since the defendant bears the burden of demonstrating "a realistic or reasonable likelihood" that the prosecutor's decision was motivated by an improper motive, *see id.*, it was Mitchell's responsibility to advance evidence suggesting an improper motive was reasonably likely. He has failed to make that showing.

D.    Speedy Trial

Finally, we reject Mitchell's speedy trial argument. He complains that, because of the prosecution's charging delay, "he is now extremely prejudiced as he attempts to find and talk to witnesses, who have died, disappeared, or whose memories have faded." (Appellant Br. 33.) He bases his argument on the Sixth Amendment right to a speedy trial and faults the district court for failing to apply the balancing test the Supreme Court applied in *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972). Yet, just as the magistrate explained, the Sixth Amendment right to a speedy trial attaches only once a person

_____

[2] The government also proffered evidence showing their investigation into the burglary continued after Mitchell declined to talk with FBI agents. This would further suggest the timing of the indictment was not a product of improper prosecutorial vindictiveness, but, rather, of proper ongoing investigation. *See*, *e.g.*, *Lovasco*, 431 U.S. 792-93 (noting the propriety of delay for continued investigation).

becomes "accused." *Marion v. United States*, 404 U.S. 307, 313 (1971).  This does not happen, the Court tells us, until an indictment issues or an arrest occurs.  *See Barker*, 407 U.S. at 532 (discussing time between arrest and trial); *Marion*, 404 U.S. at 313 (discussing time between indictment and trial).  The Sixth Amendment right to speedy trial does not proscribe the delay Mitchell decries.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge